THE NEW IDEA PATTERN COMPANY *vs.* MATTHEW V. WHELAN.

First Judicial District, Hartford, January Term, 1903.
TORRANCE, C. J., BALDWIN, HAMERSLEY, HALL and PRENTICE, Js.

A counterclaim, when pleaded in an answer, must be pleaded as such, and after the matters of strict defense.

A mere claim for damages does not constitute a counterclaim, and is of no avail unless, either directly or by reference to previous allegations, it is supported by averments of fact which, if true, would justify a judgment for damages.

It is not absolutely necessary actually to annex to or file with any pleading a written instrument therein referred to as an annexed exhibit, and if the adverse party desires to inspect it prior to the trial, his remedy is by motion to the court.

Parol evidence is inadmissible (except upon an issue of fraud, or in an equitable action for a reformation or cancellation) to establish an oral agreement, in part execution of which a written contract is given, when its purpose is to show that some of the terms of the oral contract are inconsistent with those found in the written one, and ought to be substituted for them.

A judgment cannot rest on a finding of facts not in issue, although they may have been shown by evidence to which no proper objection was taken.

A motion to correct will be denied where the finding and paragraphs of the draft finding marked "proven," taken together, sufficiently present the points of law upon which the appeal is based.

Argued January 6th—decided January 30th, 1903.

ACTION for goods sold and delivered, brought before a justice of the peace for Litchfield County, and thence by the defendant's appeal to the Court of Common Pleas in said county and tried to the court, *Welch, J.* Judgment for plaintiff for less than its demand, from which it appealed. *Error, judgment set aside and cause remanded.*

The case is sufficiently stated in the opinion.

*William H. McMorris,* for the appellant (plaintiff).

*Walter Holcomb,* for the appellee (defendant).

BALDWIN, J. The complaint is for goods sold and delivered at an agreed price, in successive months, upon the defendant's promise to pay on or before the first day of each month for those sold in the month preceding. The goods specified were mainly patterns and a pattern rack. The answer, in a first defense, admitted that the defendant had received the goods, invoiced to him at the prices alleged, but denied any sale. In a " second defense " he stated that on or about January 10th, 1901, he entered into a contract with the plaintiff, partly in writing and partly by parol, whereby (1) the plaintiff promised to supply him with goods of the kind specified in the complaint at the prices alleged, and furnish a catalogue of the same; (2) the pattern rack was to be supplied free of charge; and (3) the plaintiff was to take back all patterns that were out of date and give credit for them in account, sending an agent to cull out such patterns for that purpose; but that no such agent was sent, nor any credit given for such culls, nor any catalogue furnished; by reason of which he had been greatly damaged; wherefore he asked judgment for $100. A reply was filed, stating that on December 10th, 1900, the defendant executed and delivered to the plaintiff a written order, a copy of which was annexed and marked Exhibit A, for the goods mentioned in the complaint, at the prices stated, in pursuance of which order they were sold and delivered. There was no rejoinder.

A motion for an order for a separation of the matters of

New Idea Pattern Co. *v.* Whelan.

defense and counterclaim in the "second defense" was over-ruled by the Court of Common Pleas, because it did not specify in what respects this pleading was erroneous and how it should be corrected.

The motion was sufficiently specific, and should have been granted. A counterclaim, when pleaded in an answer, must be pleaded "as such," and after the matters of strict defense. General Statutes, Rev. 1902, § 612; Practice Book, Forms 356, 444. The "second defense" contained many averments which, if material, were matters of defense. Some of these might also furnish support to a counterclaim. The conclud-ing prayer for damages could only be appropriate as part of a counterclaim. But a demand of judgment alone does not constitute a counterclaim. It is of no avail unless, either directly or by reference to what has been previously pleaded, it is supported by averments of fact which, if true, would jus-tify such a judgment. It was the duty of the defendant to make such averments, unaided by the plaintiff.

No denial having been interposed to the reply, the execution and delivery of the written order, Exhibit A, were admitted. Rules of Court, p. 48, § 158. This exhibit was not in fact annexed to the reply; and no copy of it was furnished to the defendant until the time of the trial before the justice of the peace. These facts did not render it any the less a part of the plaintiff's pleading. If it had been referred to in the complaint, it would, under the rule, have been unnecessary to annex it. Rules under the Practice Act, p. 44, § 141. The reason of this rule applies to subsequent pleadings. If the adverse party desires to inspect an exhibit pleaded as annexed, but not annexed in fact, his remedy is by motion to the court.

Exhibit A was a printed order-blank filled up with an or-der for all the goods described in the complaint at the prices alleged. On the trial in the Court of Common Pleas, after it had been put in evidence, the defendant, as a witness in his own behalf, was asked what conversation, if any, Barry, who, as agent for the plaintiff, procured the order, had with him, when he procured it. An objection, on the ground that no

evidence was admissible to add to, vary, or contradict the terms of the order, was overruled. The defendant then answered that at the time of its execution it was mutually agreed that he might return any patterns which became out of style, and receive a cash credit therefor; that the plaintiff would send an agent every six months to cull out such patterns; that a catalogue of the patterns should be furnished and a pattern rack sent without charge; and that Barry then filled up the order-blank and told him that what he had written in was conformable to said agreement, in reliance upon which assurance he signed it without reading it.

This testimony should have been excluded. The written paper contained an order for a " No. 7 Display case " (which, as it appears from the finding, is another name for a pattern rack) " at $5." It also stated that the defendant might once in six months return any discarded patterns and select seven new ones for every eight so returned, " which means an equivalent in patterns for patterns returned, not a cash credit." Parol evidence of an oral agreement that the display case or pattern rack was to be furnished without charge, and a cash credit allowed for patterns returned, was in direct contradiction of the written contract. Nor could parol evidence that the defendant was induced by the false representations of the plaintiff's agent to sign the order without reading it, and that he did so, supposing that it correctly expressed the oral agreement, avail to vary its terms. It could have been received to show that he was not bound by its terms, had such a defense been pleaded. There having been no pleading of that nature, it was irrelevant and immaterial.

Upon this evidence, the Court of Common Pleas found that the order was procured by fraud; but a judgment cannot be founded on a finding of facts not in issue, although they may have been shown by evidence to which no proper objection was taken. *Greenthal* v. *Lincoln, Seyms & Co.,* 67 Conn. 372, 378; *Stein* v. *Coleman,* 73 id. 524, 529.

The judgment appealed from recites that the issues are found for the plaintiff, but awards it less than half its demand. This result is attained by deducting from the invoice

charges $5 for the display case or pattern rack, and a cash credit of $52.32 for patterns which became out of style and which the defendant offered to return to the plaintiff.

The written order excludes any claim for either credit. " The object of reducing transactions to a written form is to take security against bad faith or bad memory, for which reason a writing is presumed, as a general rule, to embody the final and considered determination of the parties to it." Stephen's Digest of the Law of Evidence (Beers' Ed.), 386 ; *Burns & Smith Lumber Co.* v. *Doyle*, 71 Conn. 742, 745 ; *Hildreth* v. *Hartford, M. & R. Tramway Co.*, 73 id. 631, 635.

Parol evidence may be received to establish an oral contract in part execution of which a written contract is given, and by which the office of such written contract is explained without varying its terms. *Collins* v. *Tillou*, 26 Conn. 368, 374. It cannot be received (unless upon an issue of fraud or in an equitable action for a reformation or cancellation) to establish an oral contract, in part execution of which a written contract is given, when its purpose is to show that some of the terms of the oral contract were inconsistent with those found in the written one, and ought to be substituted for them. *Caulfield* v. *Hermann*, 64 Conn. 325.

The Court of Common Pleas found true the averments in the answer, that the plaintiff undertook but failed to furnish a catalogue of the patterns, and to send its agent every six months to cull out such as were out of style ; but as it also found that there was no appreciable damage from such failure, it is unnecessary to inquire whether, had damage resulted, it would, in view of the terms of the order, have been a proper subject of consideration.

The finding, in connection with the paragraphs marked " proven " in the defendant's draft finding, sufficiently presents the points of law upon which the appeal is based, and the motion to correct is denied.

There is error, the judgment is set aside and the cause remanded with directions to enter judgment in favor of the plaintiff for $94.03, with interest and costs.

In this opinion the other judges concurred.