MINNIE HOLTZ *vs.* ANDREW B. RIDDELL ET AL.

First Judicial District, Hartford, October Term, 1924.
WHEELER, C. J., BEACH, CURTIS, KEELER and KELLOGG, Js.

In an action of replevin for an automobile, the defendant, "by way of counterclaim," alleged that she was at the time of the taking mentioned in the complaint, and still continued to be, the owner of the automobile and entitled to its immediate possession; and claimed a judgment for a return of the vehicle and $1,000 damages. By their reply the plaintiffs put these allegations in issue. The jury returned a verdict for the defendant to recover possession of the automobile and $1 damages, and the judgment rendered thereon was thereafter satisfied. *Held* that the pleadings were sufficient to put in issue the question of damages, and the amount thereof, if any, which was recoverable by the defendant in the replevin ac-

Holtz *v.* Riddell.

tion; and that by the aforesaid verdict and judgment for the defendant the matter of damages had become *res adjudicata*, and could be pleaded as such in bar of the present action for damages brought by the defendant in the replevin suit upon the replevin bond.

The recitals of a judgment-file, until corrected, import verity and are conclusive.

The cases of *Gould* v. *Hayes*, 71 Conn. 86, and *New Idea Pattern Co.* v. *Whelan*, 75 Conn. 455, distinguished.

Argued October 7th—decided October 21st, 1924.

ACTION upon a replevin bond, brought to and tried by the Superior Court in Hartford County, *Hinman, J.*, upon the plaintiff's demurrer to the second defense of the defendants' answer; the court overruled the demurrer and, upon the plaintiff's refusal to plead further, rendered judgment for the defendants, from which the plaintiff appealed. *No error.*

The complaint in this action, brought against the defendants as principal and surety on a replevin bond, alleges the institution of an action of replevin by Riddell, a defendant in the present action, in the Court of Common Pleas for Hartford County, wherein there was replevied to him and taken from the possession of the plaintiff a certain automobile. The plaintiff in this action, defendant in replevin, appeared in the latter action and filed an answer in which any title or interest in the plaintiff (Riddell) was denied, and ownership of the defendant was asserted. In addition thereto the defendant in said action (present plaintiff) filed a counterclaim in which she alleged that "the defendant, at the time of the taking mentioned in the complaint was and still is the owner and entitled to immediate possession to [of] the goods and chattels described in the above complaint," and claimed, as relief, judgment for a return of the automobile and $1,000 damages, all of which appears from certain exhibits in the present case made part of the defendants' answer. The counter-

claim follows exactly, except for the verbal variation indicated in the above quotation, the form set forth in Practice Book, p. 564, form 546.

In the action of replevin, tried to the jury, a verdict was rendered for the defendant upon the counterclaim for the recovery of the automobile and $1 damages, as appears from the judgment-file, which also recites that the parties were at issue to the jury as on file and that the jury found the issues for the defendant.

The answer to the counterclaim does not appear in the record on appeal, as it should, but it was admitted upon the hearing in this court that such an answer was filed and the allegations of the counterclaim thereby put in issue. Judgment was rendered on the verdict, for the defendant Holtz to recover possession of the goods replevied and $1 damages and costs. Afterward this judgment was paid to the defendant (present plaintiff) and a certificate of satisfaction thereof filed in court.

Most of these facts are alleged in the complaint in the present action containing two counts and admitted in the answer, which adds the fact that the judgment was rendered on the defendant's counterclaim in the replevin action. The answer also contains a second defense which sets up more at length the counterclaim, the judgment and satisfaction thereof, and avers that by reason of this judgment the matters alleged in the complaint have all been decided and determined in the replevin action, and are *res adjudicata*.

The plaintiff in the present action demurred to paragraphs three, four and five of the second defense, which embody the facts upon which the plea of *res adjudicata* is based, in the following terms: 1. That there are no allegations alleging that the question as to plaintiff's damage was actually and directly in issue and judicially determined in the replevin action.

2. That there are no allegations that the question as to whether the plaintiff was entitled to have any damages was in issue so that the jury could have passed on that question. 3. That the verdict for the plaintiff in the replevin action to recover $1 damages does not constitute a judgment as to the plaintiff's damage. 4. That the verdict in the replevin action was not *res adjudicata* as to the question of the plaintiff's damage.

The court overruled this demurrer, the plaintiff refused to plead over, and judgment was rendered for the defendants, from which plaintiff appeals assigning as error the ruling of the trial court upon the grounds of demurrer above stated.

*Morris G. Cohen,* for the appellant (plaintiff).

*Edward J. Daly,* for the appellees (defendants).

KEELER, J. The plaintiff claims that the pleadings in the replevin action were not of such a nature as to put in issue the question and amount of the damages recovered by Minnie Holtz as defendant therein, and that defendants' second defense in the present action does not contain allegations sufficient to show that the damages sought by her as defendant in the former action were considered and passed upon by the jury, or could properly be considered under the pleadings. The present defendants make the complaint, answer and counterclaim and the judgment-file in the replevin action part of their defense by reference, and these, in connection with the allegations of the answer, would seem fairly to set forth a defense of *res adjudicata,* and to show that the question of damages arising out of the replevy and retention of the automobile were fairly before the jury and determined by them. The counterclaim is in the form provided in the Practice Book for

the purpose of recovering damages by a defendant. There was no demurrer to it, nor was any motion made to make it more specific. The allegations, though general, afford a sufficient basis for the admission of evidence of damages arising from the replevy, and to sustain a verdict and judgment therefor. Section 6105 of the General Statutes, provides that where the right of possession of the property replevied is put in issue, "if the defendant in his answer by way of counter-claim claims damages for the replevin, he may give evidence of such damages; and judgment, . . . if for the defendant, shall be for a return of the property, and for his damages and costs." In the counterclaim in question, the defendant alleged ownership in herself and upon this plea she succeeded. If she was wrong-fully deprived of the possession of her automobile, she was entitled to at least nominal damages. She was therefore entitled to give evidence as to the amount of damage, and in that regard an issue was properly before the jury.

Appellant contends that a mere claim for damages and demand for judgment does not constitute a counter-claim, citing *New Idea Pattern Co.* v. *Whelan*, 75 Conn. 455, 53 Atl. 953. In the case cited there was no counter-claim pleaded as such, but merely a demand for judg-ment following an answer, which latter contained matter some of which was appropriate in a counterclaim, and the court held that this was not proper pleading and did not lay the foundation for an award of damages. But that is not the instant case, for here there is a counterclaim, and the claim for damages is predicated upon its allegations.

But plaintiff further contends that the record itself does not show that damages were in fact assessed in the replevin action. The judgment-file is founded upon a recital of the verdict rendered in the action, which was:

"In this case the jury finds the issues for the defendant Holtz on her counterclaim and therefore find that the defendant Holtz recover possession of the goods described in the declaration and one dollar damages"; also that "the court accepted said verdict." The judgment-file further adjudges to the defendant possession of the property and "one dollar damages." Taken in connection with what we have before said regarding the pleadings, this is conclusive that the issue of damages was litigated at the trial and considered by the jury and is a basis of the judgment by the court. The judgment-file is conclusive as to its contents until corrected. *Sisk* v. *Meagher*, 82 Conn. 376, 73 Atl. 785, and earlier cases cited in the opinion.

As sustaining his claim that an action on a replevin bond is maintainable, after judgment for return of property and damages of $1 in favor of a defendant in the replevin action, plaintiff's counsel relies upon *Gould* v. *Hayes*, 71 Conn. 86, 40 Atl. 930, saying that the instant case differs only from the cases cited, in that the present plaintiff claimed $1,000 damages, while none was claimed in the authority just cited. But this is exactly the feature which differentiates the case of *Gould* v. *Hayes* from the instant case. In the latter case defendant filed an answer and prevailed thereon, but made no claim for damages. The jury nevertheless found in his favor with $1 damages and the court rendered judgment for possession and damages to that amount. This court, on appeal, held that the part of the verdict and judgment relating to damages, "as well as so much of the judgment-file as is predicated upon it, have no validity in law." Therefore it was held that this judgment was no bar to a suit upon the replevin bond for damages; and further, that in recovering damages arising out of a replevy the defendant had his election either to file a counterclaim

in the original suit, or to obtain those damages after a decision in the replevin action in his favor as to the property involved, by an action on the replevin bond. The plaintiff in the present action having elected to raise the question of damages in the replevin action and having obtained and collected a judgment for damages rendered in her favor, cannot maintain the present suit since judgment in the replevin action is properly pleaded as a bar thereto.

There is no error.

In this opinion the other judges concurred.