MATTHEW CHRISTIE, JR. *v.* PERLEY EAGER.

MALTBIE, C. J., AVERY, BROWN, JENNINGS and ELLS, JS.

Argued April 10—decided May 8, 1942.

*Robert L. Halloran,* for the appellant (plaintiff).

*Cyril Coleman,* for the appellee (defendant).

BROWN, J.   On the evening of June 18, 1939, the defendant was driving his Ford sedan easterly on the Hutchinson River Parkway in Port Chester, New York. His wife was sitting beside him in the front seat and the plaintiff and his wife were sitting in the rear seat. In response to his wife's request that baggage which had become misplaced be rearranged, the defendant slowed down and turned off the traveled road to his right onto a semi-circular turn-out area designed as a stopping place for cars.   In entering this space the car lurched, causing the plaintiff's injuries complained of.   The plaintiff claimed to have proved that the lurch was due to the defendant's negligence in driving over a gutter at the edge of the traveled road, while the defendant claimed that it was due to the right rear wheel going into a depression in the grassy surface of the parking area six to eight inches in depth but not visible to him as he drove in, and that he was not negligent.   The jury rendered a verdict for the defendant and the court denied the plaintiff's motion to set it aside.   The plaintiff has appealed from the denial of this motion and from the judgment.

The plaintiff's principal contention upon the appeal from the denial of the motion appears to be that the jury were so unduly influenced by extraneous circumstances incident to the trial, consisting of evidence relative to insurance coverage, the relationship of the parties and the attitude displayed by them, that the verdict was manifestly the result of prejudice, partial-

ity or mistake and should therefore be set aside. It appeared in evidence, without objection by the plaintiff, that the defendant was insured against liability by the United States Guaranty Company and that its representative had obtained signed statements from all four occupants of the car as to how the accident had occurred. It similarly appeared that the plaintiff is a brother of the defendant's wife, a fact which was not disclosed to the insurance company's investigator but was first brought out on cross-examination of the plaintiff after testimony by him indicating a deliberate attempt to conceal this relationship. The testimony of the defendant evidenced extreme reluctance to admit that the signature on the statement he had signed was his, and his testimony and that of his wife also evidenced a rather surprising lack of memory as to significant facts relating to the accident. The plaintiff's wife admitted that the signature on the statement she had signed was hers but insisted that she could not read its contents because she had not brought her glasses. The court has found, not improperly, that the defendant's attitude on the stand was not cooperative toward counsel appearing for him, but that he did display a friendly attitude toward the plaintiff's attorney and upon leaving the witness stand smilingly put his arm around him and whispered something to him, although his subsequent testimony was that he had never even talked with this attorney before. The evidence and conduct of the parties above referred to was in no sense "extraneous" but clearly of very material significance upon the issue of credibility. On the record, the duty of the jury to consider the evidence of insurance and relationship is not open to question, and in so far as the conduct before the jury is concerned, to paraphrase what we stated in *Dadio* v. *Dadio*, 123 Conn. 88, 92, 192 Atl. 557, it is the peculiar

province of the jury to observe the demeanor of the parties and their witnesses and to draw inferences therefrom as to the motives underlying their testimony and conduct; such evidence is as properly to be considered by them in reaching their verdict as if presented by the lips of witnesses. The plaintiff's claim that the verdict was improper because of the consideration given by the jury to these matters is without merit. The same is true of his further claim that the defendant's testimony amounted to a judicial admission requiring a finding of negligence by the defendant and a verdict for the plaintiff. In the first place, it did not amount to a judicial admission since the undisputed evidence was that the real party in interest was the defendant's insurer. *King* v. *Spencer,* 115 Conn. 201, 207, 161 Atl. 103. In the second place, even assuming that the statements of the defendant in this case had amounted to a judicial admission, all that he testified was that the lurch of the car was caused by a small hole in the parking place, into which the wheels of his car ran, that he did not see the hole before the accident and that he pulled in too close to some bushes at the edge of the space. This fell far short of admitting any facts which would establish his negligence. The court did not err in denying the motion to set aside the verdict.

In so far as the appeal from the judgment is concerned, in the course of its charge the court, after stating that there was evidence that the rear wheel went into a depression which caused a jolt, and that there had been some inquiry raised as to whether or not there was a gutter or ditch through which the car went, continued: "but there is no evidence, it seems to me, upon which you could reasonably find that there was any ditch or gutter that caused the jolt of the car." The statement quoted is assigned as error.

This statement, qualified as it was and followed later in the charge by the express instruction to the effect that the determination of the facts in the case as well as the credibility of witnesses was exclusively for the jury and that the court's duty was to state the law, was not reversible error. Conn. App. Proc., § 55; *State* v. *Perretta*, 93 Conn. 328, 342, 105 Atl. 690. *Goodno* v. *Hotchkiss*, 88 Conn. 655, 668, 92 Atl. 419. It is further claimed that the court erred in charging: "There has been no evidence offered of any curb along this highway, and any of these allegations that are set forth here in the complaint must be supported by evidence." The finding fails to show the plaintiff offered any evidence of the existence of a curb, but states that the extent of his claim was that "there was a sort of gutter of unspecified dimensions" in the location referred to. The court did not err in its statement complained of.

A final error assigned in the charge is the court's instruction that "The conduct of the parties as they come under your observation, either in court elsewhere or upon the witness stand, is a matter appropriate for you to consider as you weigh their testimony." So far as conduct on the witness stand is concerned, the charge was not only correct but peculiarly appropriate, as sufficiently appears from what we have already said regarding it in connection with the appeal from the court's refusal to set the verdict aside. In the reference to conduct "in court elsewhere," the word "elsewhere" modifies the word "court," the statement was the equivalent of saying "elsewhere in court" and the charge evidently referred to the conduct of the defendant toward the plaintiff's attorney upon leaving the witness stand already described. It is true that "the trier's right to take into account its observation of the demeanor of witnesses

is limited to the observation of such genuine and spontaneous reactions by them in the courtroom as bear upon the credibility to be accorded to their testimony given under oath." *State* v. *McLaughlin,* 126 Conn. 257, 264, 10 Atl. (2d) 758. The record indicates that the conduct referred to fell within this principle. The other claims advanced by the plaintiff require no discussion.

There is no error.

In this opinion the other judges concurred.