MICHAEL C. VARANELLI *v.* MARY E. SULLIVAN LUDDY

MALTBIE, C. J., BROWN, JENNINGS, ELLS AND DICKENSON, JS.

Argued November 4—decided December 3, 1947

*U. G. Church,* for the appellant (defendant).

*Harry M. Albert,* with whom was *Michael V. Blansfield,* for the appellee (plaintiff).

PER CURIAM. There have been two previous appeals in this case. The facts are fully stated in *Varanelli* v. *Luddy,* 130 Conn. 74, 32 A. 2d 61, and 132 Conn. 113, 42 A. 2d 656. The plaintiff sought a judgment quieting title to certain land, and the crucial issue in the case is the right of the defendant to have a correction made in the file of a judgment under which the plaintiff claimed. We briefly discuss only the issues which have arisen subsequent to the second appeal. The trial court issued an alternative writ of mandamus directing that the correction be made. The plaintiff raised the decisive issue of res adjudicata in his return. Complicated pleadings ensued. The court refused to issue a peremptory writ and thereafter tried de novo the issues as to the right of the plaintiff to have the title quieted in him. It rendered judgment for the plaintiff, and again the defendant has appealed.

We decided the basic issues of the case in our first opinion, where we held that the judgment rendered in the City Court in the action based on the lien was in fact one for its foreclosure; that the error in the judgment file was a clerical one which the City Court should have corrected, but that the judgment file was conclusive evidence of the judgment rendered unless and until it was corrected; and that the denial of a motion in the City Court to have the judgment corrected, from which no appeal was taken, was a proper basis for a plea of res adjudicata as regards the defendant's right to

have the correction made. The plea was properly made and sustained upon the third trial and a peremptory writ refused. The judgment file continued to be conclusive evidence of the judgment rendered.

The defendant now claims that she does not need to secure a correction of the judgment file because the plaintiff admitted in his pleadings in the mandamus proceedings that there was a valid judgment of foreclosure, that the judgment file erroneously omitted it and that the file should have been corrected by the City Court. The pleading stated that the admissions were made because of our decision as set forth above. The admissions do not go to the crux of the matter. The defendant ignores the basic fact that she could not prevail unless she secured a correction of the judgment file and that she sacrificed her right to that by failing to appeal from the denial of her motion to have it made. The trial court correctly decided that the admissions were insufficient to avoid the effect of our previous decision, and judgment for the plaintiff followed as a matter of course.

The defendant has assigned error in a ruling which admitted the judgment file of the City Court in evidence. The objection was that it was immaterial and contradicted the admissions made by the plaintiff. It follows from what we have said that the ruling was proper.

There is no error.