Louis Vena v. Ralph H. Walker, Warden

Superior Court          Hartford County          File No. 89535

Memorandum filed June 21, 1951.

*Louis Vena*, pro se.

*Albert S. Bill*, State's Attorney, of Hartford, for the Defendant.

KING, J. Upon this hearing in habeas corpus it developed that the petitioner, on October 13, 1949, in Fairfield County, after a trial to the jury, was found guilty on the first and third counts and not guilty on the second count of an information in three counts each one of which charged a breaking and entering in violation of the provisions of § 8413 of the General Statutes.

The state claimed that, in accordance with the provisions of Practice Book, § 297A, immediately subsequent to his aforesaid conviction (and before sentence) he was put to plea on a charge of being a second offender under General Statutes, § 8820, and that he pleaded guilty thereto. Annexed to the return in this proceeding is a certified copy of a corrected judgment fully supporting this claim.

The petitioner denied everything relating to the charge and plea of guilty under § 8820 and in support of this claim produced a certified copy of the judgment obtained by him from the clerk's office in which there is no mention of the plea under § 8820.

There was no dispute but that the petitioner was sentenced on the first count to a term of not less than two nor more than five years and on the third count to a term of not less than one nor more than three years, the sentence under the third count having been suspended. Since a maximum and a minimum term was fixed under each count on which sentence was imposed, the sentence ran concurrently and not consecutively although this is unimportant since sentence was suspended under the third count. *Abt v. Walker*, 126 Conn. 218, 220.

The maximum sentence permissible under § 8413 (apart from the provisions of § 8820) is four years, and on the basis of the certified copy of the judgment submitted by the petitioner the five-year maximum imposed under the first count exceeded by one year the maximum sentence within the power of the court to impose.

On the other hand if the state's claim is correct, the petitioner might have been sentenced to a maximum as high as eight years on each of the two counts on which sentence was imposed. General Statutes § 8820; Practice Book § 297A; *State* v. *Reilly,* 94 Conn. 698, 702. It would follow, of course, that the five-year maximum imposed on the first count was entirely valid.

However, even on the petitioner's own claim as to the sentence imposed the sentence is not invalid, in toto, but only as to the one-year excess of the maximum imposed under the first count. In other words, it is at least valid as a sentence of not less than two nor more than four years. Consequently, habeas corpus will not lie until the four years have expired, because the judgment in habeas corpus would have to be a discharge from confinement in prison which cannot in any event be granted during the petitioner's service of the valid part of the sentence. *Leifert* v. *Turkington,* 115 Conn. 600, 603.

If in the meantime the petitioner has not been paroled, habeas corpus would lie at the expiration of the four-year maximum and at that time the question which he now seeks to raise can be passed upon in a habeas corpus proceeding. It cannot be passed upon now since on his own claim as to the sentence imposed he is not now entitled to a release.

It is hardly necessary to add that the actual judgment in a criminal case is the oral pronouncement of sentence by the court. This, of course, as well as the true fact regarding the disputed plea under § 8820, would clearly appear in the stenographic transcript. If a habeas corpus proceeding is brought at the proper time the petitioner can neither be prejudiced by, nor take advantage of, any error of the clerk in the preparation of a judgment file. *State* v. *Lindsay,* 109 Conn. 239, 243; *Varanelli* v. *Luddy,* 134 Conn. 191, 192.

Judgment may enter denying and dismissing the petition for habeas corpus as premature at this time.