STATE OF CONNECTICUT *v.* JOHN DEMARTIN

KING, C. J., MURPHY, ALCORN, SHANNON and HOUSE, Js.

Argued November 3—decided December 22, 1965

*Edward L. Reynolds,* for the appellant (defendant).

*George R. Tiernan,* state's attorney, for the appellee (state).

PER CURIAM. The defendant was convicted of the crime of pool selling after a jury trial in the Superior Court. He has appealed from the judgment rendered on the verdict.

The basis of the appeal is the claimed error by the trial court in rulings on evidence. These rulings fall into two categories. The first involves the admission into evidence, as exhibits, of various racing sheets, a telephone and other items found by the officers upon entry and search of the defendant's premises. At the trial the defendant claimed that the search warrant under which the officers acted was illegal because it failed to embody the reasons on which the judge who issued it had determined that probable cause for its issuance existed, and that the evidence produced by the search directed by the warrant was therefore inadmissible. On this appeal the defendant attempts to commingle that

claim with an additional claim that the court erred in issuing the search warrant because the affidavit on which it was based lacked allegations sufficient to support a finding of probable cause. We do not consider this additional claim since it was not made in or ruled on by the trial court. *State* v. *McLaughlin,* 132 Conn. 325, 339, 44 A.2d 116. The defendant directs us to no authority supporting the first part of the claim, namely, that the judge who issued the search warrant was required to recite in the warrant the grounds on which he found probable cause. Nor have we discovered any. While the federal courts have had occasion to apply rule 41(c) of the Federal Rules of Criminal Procedure, as in *Weinberg* v. *United States,* 126 F.2d 1004 (2d Cir.), we find no decision holding that any constitutional requirement applicable to state proceedings is involved. Section 54-33a of the General Statutes specifies the required content of the search warrant, and the warrant in this case meets those requirements. The court did not err in admitting into evidence the articles discovered in the search.

The second category involves the admission by the court of testimony concerning telephone calls answered by one of the search party while the search of the defendant's premises was in progress. One of the questions addressed to a police officer, who was one of the search party, was: "Would you please relate to this jury what you did when the phone rang." The answer was: "At 12:48 the phone rang. I answered the phone saying—." The defendant's objection came at this point, and no further answer appears in the finding. Further questions were: "Now, Officer, you started to say that at 12:48 the first call came in, I believe?" After an affirmative answer, the officer was asked: "Would

you kindly relate to the jury what happened when that call came in?" Here again an objection was interposed, and the finding does not disclose the answer, if there was any, as required by Practice Book § 648. The defendant thus fails to set forth any testimony of which he complains and which followed after the objections were overruled. The defendant has the burden of establishing not only that the rulings were erroneous but that they were probably harmful to him. *Casalo* v. *Claro,* 147 Conn. 625, 630, 165 A.2d 153; *Sears* v. *Curtis,* 147 Conn. 311, 316, 160 A.2d 742. His failure to set forth the answers to the questions and consequently to demonstrate any probability of harm resulting from the rulings complained of prevents a consideration of the correctness of the rulings and thereby deprives his appeal of any merit. *Pitt* v. *Kent,* 149 Conn. 351, 357, 179 A.2d 626.

There is no error.