STATE OF CONNECTICUT *v.* WILLIAM J. GRIMES

WILLIAM J. GRIMES *v.* STATE OF CONNECTICUT

KING, C. J., ALCORN, HOUSE, COTTER and RYAN, Js.

Argued October 6—decided December 13, 1966

*Robert J. Cooney,* special public defender, for the appellant (defendant in the first case and plaintiff in the second case).

*Otto J. Saur,* state's attorney, for the appellee (state).

HOUSE, J. Although these appeals have been taken in separate cases, they are so related that one opinion will suffice for both appeals. They arise out of the same set of circumstances, and we will herein refer at all times to William J. Grimes as the defendant, although he is, in fact, the petitioner in the second case.

Grimes was arrested on November 4, 1963, in Westport and was charged with the crime of having in his control certain narcotic drugs, marijuana, in violation of § 19-246 of the General Statutes. After a hearing in probable cause in the Circuit Court, he was bound over to the Superior Court, where, on a trial to the jury, he was found guilty and sentenced on December 23, 1963. No appeal from this judgment was taken until January 29,

1965, and it is that appeal which comes to this court under the title of the first case.[1]

While that appeal was pending, Grimes instituted an action against the state and the state's attorney for Fairfield County in which, by way of relief, he petitioned that the verdict and the judgment rendered on the original trial be set aside and that he be granted a new trial. From the judgment denying his petition, Grimes has taken the appeal which is now before us as the second case.

# I

We will first consider the issues raised on the appeal from the judgment rendered following the trial which resulted in the defendant's conviction. In his original assignment of errors, the defendant maintained that the evidence of guilt which was introduced was not sufficient to warrant the court in submitting the case to the jury. This claim has been abandoned not only by failure to pursue it in the defendant's brief; *State* v. *Fredericks,* 154 Conn. 68, 71, 221 A.2d 585; but by express disclaimer in the course of argument. The remaining assignments of error relate to a comment of the trial court, to a portion of its charge and to three rulings made during the course of the trial.

A state's witness testified on cross-examination that the defendant said that he wanted to get out of the state because he did not wish to get involved and that, if he was arrested out of the state, it would be more difficult to get him back here, but that nevertheless the defendant had returned to Connecticut. Defense counsel then asked the witness:

[1] An order permitting the late appeal *(MacDonald, J.)* was filed on October 13, 1964, upon Grimes' petition for a writ of habeas corpus.

"How do you account for that?" The state's attorney objected, and the court then stated: "That is not a question to ask him how he accounts for it. You ask your client how he accounts for it." Proper exception was taken, and the court ordered that the comment be stricken and instructed the jury to disregard it, explaining that its only ruling was that the question addressed to the witness was not a proper one. The prompt direction by the court to the jury to disregard its comment rendered the comment harmless. Under the circumstances, the comment was not an error materially injurious to the defendant so as to constitute a cause for reversal. General Statutes § 52-265; *Schiller* v. *Orange Hall Corporation,* 144 Conn. 327, 331, 130 A.2d 798.

The claimed error in the charge relates to the portion in which the court discussed the evidence concerning an incident at the home of Nathaniel Williams. In the charge, the court referred to the testimony of two witnesses that the defendant had the marijuana, and it stated: "I believe, displayed it or had it in the bag or talked about it—I don't remember which; you will have to recall." The defendant excepted to the court's statement that there was evidence that the defendant displayed the bag containing the marijuana in Williams' home and said what was in it, and he excepted to one other reference to the evidence. The court thereupon recalled the jury, corrected the other reference to the evidence, emphatically reemphasized that it was the function of the jury to recall the evidence and find the facts, and changed its earlier statement concerning its recollection about the incident in Williams' home so that its statement was to the effect that the defendant told what was in the bag rather than displayed the contents. The court then solicited

any further exceptions to the charge, indicating that it had corrected the statement of its recollection about the incident. Immediately after the statement of the court that it had just corrected the portion of the charge to which exception had been taken, defense counsel stated: "I think you did and I know you were extremely fair in your presentation of it, but I would like to make an exception to it, simply because I feel that it impresses them unduly with that piece of evidence." That characterization of the charge hardly squares with the defendant's present claim in this court that the charge was unfair, unreasonable and argumentative. We find no merit in the criticism of the charge as corrected. The jury were repeatedly and properly instructed as to their responsibilities in recalling the evidence and finding the facts. We do not think that the defendant could have been prejudiced by the portion of the charge complained of, when it is taken with the rest of the charge in which the jury were properly instructed as to the determination of matters of fact where the court had commented on the facts. *Christie* v. *Eager,* 129 Conn. 62, 65, 26 A.2d 352; *State* v. *Perretta,* 93 Conn. 328, 342, 105 A. 690.

During the cross-examination of the defendant, he testified that one of the state's witnesses, Philip Teuscher, had in the past been a good friend but no longer was. To rebut the testimony that the defendant was no longer friendly with Teuscher, the state introduced into evidence a letter which the defendant, while confined in jail, had written to Teuscher. The defendant objected that the letter was irrelevant, commented that it was "some kind of collateral matter of no moment," and stated: "I will object that this indicates anything of friendship to Mr. Teuscher." He further objected on the grounds that

the letter was confiscated and never reached Teuscher, and he contended, without amplification, that "it is illegally obtained evidence." He duly excepted to the court's ruling admitting the letter as an exhibit. Thereafter the letter was read to the jury.

The exhibit is not available for examination by us because it disappeared during the extraordinary time lapse between the trial and the appeal. For some inexplicable reason, the transcript does not contain the contents of the letter as it was read to the jury. The disappearance of the exhibit highlights the necessity for court stenographers to record the reading of exhibits during the course of a trial. No fault can be attributed to counsel since under Practice Book § 321 it is the duty of counsel upon final determination of a case to remove from the courthouse all exhibits not a part of the file of the case, and there was no reason to anticipate a need for the exhibit after the time for appeal in the regular course had expired.

Undoubtedly in some circumstances, the accidental disappearance of an exhibit pending an appeal would require a new trial under the provisions of § 52-270 of the General Statutes and the general equity powers of the court. *Jenkins* v. *Bishop Apartments, Inc.*, 144 Conn. 389, 391, 132 A.2d 573; *Wojculewicz* v. *State*, 142 Conn. 676, 678, 117 A.2d 439; see *Dudley* v. *Hull*, 105 Conn. 710, 719, 136 A. 575. Here, however, the finding discloses the fundamental purpose of the proffer of the document and its general contents sufficiently to enable us to review the ruling. See *Stern & Co.* v. *International Harvester Co.*, 146 Conn. 42, 47, 147 A.2d 490. The state's attorney, under the rules, properly stated his claims for the admissibility of the exhibit. Practice Book § 226; *Casalo* v. *Claro*, 147 Conn. 625,

628, 165 A.2d 153. It was for the limited and collateral purpose of rebutting testimony of the defendant regarding the status of his friendship with Teuscher, and the court admitted it for this purpose. If the letter did in fact tend to rebut the defendant's testimony in regard to this collateral matter, then it was properly admitted for this purpose. If, as the defendant contended at the trial, it was irrelevant, "some kind of collateral matter of no moment" and did not indicate "anything of friendship to Mr. Teuscher," then its admission was harmless and not reversible error. The other general objections lacked sufficient accuracy and specificity to form a satisfactory basis for a reviewable ruling. *Andreozzi* v. *Rubano,* 145 Conn. 280, 284, 141 A.2d 639. There is nothing in this record to support any claim that the state's possession of the letter written by the defendant while he was confined in jail was illegally obtained. Also, if we assume that a properly explicit objection had been made on the basis of an illegal seizure, in lieu of a motion to suppress as permitted by General Statutes § 54-33f, there is nothing to indicate how the subsequent disappearance of the letter could in any way possibly prejudice the defendant in asserting on appeal the claim of illegal seizure of the document regardless of its precise contents. Significantly, at no time was any claim made in the trial court that the letter contained any admissions or statements inadmissible under General Statutes § 54-1c because the defendant had not been warned of his rights. It does not appear that the court's ruling on the objections properly made was erroneous and, even if it were erroneous, that it was harmful. Nor does it appear that the defendant was in any way prevented by the disappearance of the exhibit from pursuing, on

appeal, his burden of establishing harmful, material error in any ruling to which proper objection was made and exception taken. Practice Book § 226; *State* v. *DeMartin,* 153 Conn. 708, 710, 216 A.2d 204; *Casalo* v. *Claro,* supra, 630.

On the appeal from the trial on the merits, two other assignments of error remain for consideration. Both involve a written statement shown to Richard Frey, a witness, to refresh his recollection. On the question of refreshing the recollection of the witness, the record contains only the following statement: "In the course of the direct examination, a written statement which the witness had given to the police was shown to him for the purpose of refreshing his recollection generally. Mr. Bundock [the defendant's counsel] objected to the use of this statement to refresh the witness' recollection because it was not shown that his recollection needed to be refreshed and the Court overruled his objection and an exception was taken. Thereafter, the witness indicated that his recollection was refreshed and he was permitted to testify further." Whether the recollection of a witness needs to be refreshed and whether it can be or has been refreshed by any means is in each case a question for the trial court, and its conclusion is unreviewable unless there has been a clear abuse of discretion. *Neff* v. *Neff,* 96 Conn. 273, 279, 114 A. 126. The defendant has not demonstrated any abuse of the court's discretion in permitting the effort to refresh the recollection of the witness, an effort which the witness testified was successful.

After Frey had completed his direct testimony, defense counsel asked to see the statement which had been shown to him to refresh his recollection, and when the state's attorney refused the request,

defense counsel moved that the court instruct the state's attorney to let him see it. The court, apparently relying on the rule in such cases as *State* v. *Pambianchi,* 139 Conn. 543, 547, 95 A.2d 695, refused to do so in the absence of a claim that the statement contained something inconsistent with the witness' testimony. Since the document had been used by the witness to refresh his recollection, the ruling was erroneous, and counsel should have been permitted the examination. 3 Wigmore, Evidence (3d Ed.) § 762; see *State* v. *Rathbun,* 74 Conn. 524, 526, 51 A. 540. No objection or exception, however, was taken to the ruling, and it is not properly before us for review. We have repeatedly indicated our disfavor with the failure, whether because of a mistake of law, inattention or design, to object to errors occurring in the course of a trial until it is too late for them to be corrected, and thereafter, if the outcome of the trial proves unsatisfactory, with the assignment of such errors as grounds of appeal. "Such methods amount to trial by ambuscade of the judge." *State* v. *DeGennaro,* 147 Conn. 296, 304, 160 A.2d 480, cert. denied, 364 U.S. 873, 81 S. Ct. 116, 5 L. Ed. 2d 95.

In connection with these last two assignments of error involving Frey's testimony, it is pertinent, although not necessary, to note that the summary of evidence in the state's appendix discloses that all the significant testimony which was elicited from Frey early in the trial was subsequently confirmed by the defendant himself when he testified in his own behalf. Any claimed error in the two rulings of the court was thereby rendered harmless, and, even if an objection had been properly preserved and raised for consideration on appeal, there was no reversible error. *Guerrieri* v. *Merrick,* 145

Conn. 432, 434, 143 A.2d 644; *DeCarufel* v. *Colonial Trust Co.*, 143 Conn. 18, 21, 118 A.2d 798.

## II

The second case is the appeal by Grimes from the judgment denying his petition for a new trial. The petition was predicated upon two claims. The first is that, in violation of his constitutional rights and of § 54-1b of the General Statutes, he was not properly advised of his constitutional rights when he was presented in the Circuit Court on the bindover proceedings and that consequently he did not receive a fair and just trial and that his rights were violated because evidence inadmissible, as a result of the alleged failure to warn him of his rights, was allowed in evidence against him.

The claimed inadmissible evidence consisted of certain oral statements and two letters which the defendant wrote while he was in jail awaiting trial, one of them being a letter to the state's attorney and the other being the letter to Teuscher to which we have referred earlier in this opinion. In addition to claiming that these statements and two exhibits were improperly admitted into evidence, the defendant asserted as his second ground for a new trial that the disappearance of these letters during the lengthy period between his trial and his appeal made it impossible for him properly to perfect his appeal.

Proceedings in this state for procuring a new trial, whether in a civil or a criminal case, are controlled by statute. General Statutes § 52-270; *Wojculewicz* v. *State*, 142 Conn. 676, 677, 117 A.2d 439. We have had recent occasion to consider applications brought pursuant to the statute. *Pass* v. *Pass*, 152 Conn. 508, 510, 208 A.2d 753; *Black* v. *Universal*

*C. I. T. Credit Corporation,* 150 Conn. 188, 192, 187 A.2d 243. As noted in these cases, the proceeding is essentially equitable in nature; the petitioner has the burden of alleging and proving facts which would, in conformity with our settled equitable construction of the statutes, entitle him to a new trial on the grounds claimed; and the petition is addressed to the legal discretion of the trial court. A petition will never be granted except on substantial grounds. It does not furnish a substitute for, or an alternative to, an ordinary appeal but applies only when no other remedy is adequate and when in equity and good conscience relief against a judgment should be granted. When the petition is predicated upon newly discovered evidence, that evidence must, in fact, be newly discovered and such that it could not have been discovered and produced at the former trial by the exercise of proper diligence. "The procedure is not intended to reach errors available on appeal of which the party should have been aware at the time when an appeal might have been taken. . . . 'The salutary purpose of the statute is that if a party has a meritorious defense and has been deprived of reasonable opportunity to present it, he ought to be permitted to make it upon another trial.' *Bellonio* v. *Thomas Mortgage Co.,* 111 Conn. 103, 105, 149 A. 218." *Krooner* v. *State,* 137 Conn. 58, 60, 75 A.2d 51.

The defendant has assigned as error the failure of the trial court to find facts set forth in fifteen paragraphs of his draft finding, which facts he claims were admitted or undisputed. Such of these claims of error as have been pursued in the defendant's brief are not supported by the evidence printed in the appendix. Practice Book §§ 645, 713 (d), 717, 720, 721; *National Broadcasting Co.* v. *Rose,* 153

Conn. 219, 223, 215 A.2d 123; *Jarrett* v. *Jarrett,* 151 Conn. 180, 181, 195 A.2d 430. We do not examine the transcript. "It is the duty of the parties to print all material evidence in the appendices to their briefs. Practice Book §§ 645, 721; *State* v. *Pundy,* 147 Conn. 7, 9, 156 A.2d 193; *Baton* v. *Potvin,* 141 Conn. 198, 200, 104 A.2d 768." *Pass* v. *Pass,* supra, 511; Maltbie, Conn. App. Proc. §§ 330, 331.

The appendix to the brief of the defendant is limited to evidence supporting his claim that he was not warned of his rights in the Circuit Court. The court's contrary finding that he in fact was warned of his rights is, however, amply supported by the notation on the Circuit Court warrant: "Accused advised of rights 11/5/63. Special. Tunick, J." The judgment file containing this notation is the evidence of the judgment of the Circuit Court "and is conclusive of its contents unless or until corrected." *Holtz* v. *Riddell,* 101 Conn. 416, 421, 126 A. 333; *Sisk* v. *Meagher,* 82 Conn. 376, 377, 73 A. 785; *Varanelli* v. *Luddy,* 130 Conn. 74, 78, 32 A.2d 61; see s.c., 134 Conn. 191, 56 A.2d 164. Thus, even if the rule enunciated in *Miranda* v. *Arizona,* 384 U.S. 436, 86 S. Ct. 1602, 16 L. Ed. 2d 694, were applicable to this case, there was evidence to support the finding of the court that, prior to making the claimed inadmissible statement, the defendant was warned of his constitutional rights, and "[t]he facts expressly stated in the finding must furnish the basis on which this appeal is determined." *Zitkov* v. *Gorsky,* 106 Conn. 287, 289, 137 A. 751; *Barlow Bros.* v. *Lunny,* 102 Conn. 152, 154, 128 A. 115; *Automobile Ins. Co.* v. *Conlon,* 153 Conn. 415, 421, 216 A.2d 828.

As provided by §§ 714 (d) and 720 of the Practice Book, the appendix to the state's brief contains a summary of the additional evidence supporting the

four findings of the court attacked by the defendant on the ground that they were unsupported by evidence. The evidence supports these paragraphs of the finding, and they must therefore stand. *Morrone* v. *Jose,* 153 Conn. 275, 277, 216 A.2d 196. The total evidence in the appendices supports the material findings of the court that the defendant was, prior to the hearing in probable cause, warned of his constitutional rights and thereafter that he voluntarily made the statements and wrote the two letters which he now claims were improperly admitted. Also, this evidence, except for the letter to Teuscher, was admitted without objection. Furthermore, the record is barren of any evidence whatsoever that the presently asserted reason for exclusion was either not known to the defendant or with proper diligence would not have been known to him at the time of trial. *Pass* v. *Pass,* supra, 511; *Turner* v. *Scanlon,* 146 Conn. 149, 163, 148 A.2d 334.

The court also expressly found that the defendant offered no evidence that the missing exhibits were in any way material to his appeal. Although the defendant claimed that the court erred in making this finding, it is significant that the appendix to his brief contains no reference whatsoever to any such evidence. In connection with this same finding, it is pertinent to note again that the defendant made no objection to the admission into evidence of his letter to the state's attorney, and, as we have hereinbefore indicated, the loss of the letter to Teuscher does not prevent a fair review of the ruling of the court admitting it.

We find no error in the ultimate conclusion of the trial court that the defendant failed to establish that he is entitled to a new trial. The record does

not indicate that he "has a meritorious defense and has been deprived of reasonable opportunity to present it." *Krooner* v. *State,* 137 Conn. 58, 60, 75 A.2d 51.

There is no error in either case.

In this opinion the other judges concurred.