[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Pursuant to C.G.S. 52-270 and Connecticut Practice Book 904, Tracy Fisher (Petitioner) moves for a new trial on the grounds of newly discovered evidence.
FACTS
In support of his claim, the petitioner asserts that:
1. The petitioner and his co-defendant Michael Walker were convicted in separate trials of the May 12, 1987 murder of Thomas Dixon.
2. Co-defendant Walker's trial took place five months after the trial of the petitioner.
3. At the petitioner's trial and at the subsequent trial of Michael Walker, the State presented the testimony of one Landon Brown as an eye witness to the murder. Mr. Brown testified that on the night of the murder he had been visiting a friend, Ms. Dion Smith, who lived on the second floor of 98-100 Enfield Street, Hartford. This address is located next door to the scene of the subject homicide. Mr. Brown further testified that at about 8:30-9:00 P.M. he went onto the back porch of the second floor premises of 98-100 Enfield Street and saw from that vantage point two men, both of whom were known to him (Brown). Brown testified that he saw petitioner with a gun, fire the gun in the direction of 102-104 Enfield Street (the scene of the murder). Similar observations were testified to relevant to Walker. Mr. Brown further testified that after observing the shooting from the porch, he went back inside and advised Ms. Dion Smith of his observations.
4. In the subsequent trial of Michael Walker, the State called Ms. Dion Smith as a rebuttal witness wherein she testified that she had never been with Landon Brown on the second floor of 98-100 Enfield Street or in any apartment at that address on the date in question.
The petitioner claims that the newly discovered evidence is the testimony of Ms. Dion Smith. CT Page 6458
This court has reviewed the transcript of the trial of the petitioner. At trial, a written statement of the petitioner given to Hartford police officers on June 9, 1987, was admitted into evidence. It appears from a review of the transcript that the written statement of the petitioner was not read into the record (copies were distributed to the jury) and a copy of the statement was not submitted to this court as an exhibit for purposes of the petition. The court takes judicial notice of petitioner's statement as described in the appellate record as "[a]lthough generally exculpatory, it placed the defendant near the scene of the crime in the company of Walker (the co-defendant) on the evening of the subject homicide. See State v. Fisher, 210 Conn. 619, 621. Landon Brown testified that from his second floor vantage point at 98-100 Enfield Street, he saw the defendant with a long gun in the company of the co-defendant Michael Walker. Brown further testified that both the defendant and Walker were known to him. Brown went on to testify that he heard shots fired and saw the defendant go over to a fence and fire more shots towards the back porch where the victims were situated. Brown testified that the defendant fired first and then he turned the gun over to Walker who, in turn, fired shots.
Nadine Collier testified that on the night in question she heard gun fire, then she heard footsteps running and shadows coming towards her kitchen window. There were exterior lights that illuminated the area where she saw two persons standing next to her kitchen window. She identified the petitioner as being one of the two men, the other being Walker. Collier further testified that the petitioner had a long black gun in his hand and he was making clicking noises with the gun as she observed him. Her view of the petitioner was through a tear in her window shade. Ms. Collier had seen the petitioner in the past and had known Walker all of her life.
Regina Tillis testified that she lives in the same building as Ms. Collier, but on the third floor. Ms. Tillis testified that on the night in question she heard what sounded like a series of loud noises like a "boom" and then she heard footsteps coming from the back of her building. Ms. Tillis looked out her window and saw a man with a gun who was turning from right to left as though wondering in which direction to proceed. She identified the petitioner in court as that person she saw with a gun that night.
DISCUSSION
Petitions for a new trial, whether in civil or criminal cases, are governed by statute. State v. Grimes, 154 Conn. 314,325 (1966). CT Page 6459
C.G.S. 52-270 reads in relevant part: "The superior court may grant a new trial of any action that may come before it for . . . (b) the discovery of new evidence."
A petition for a new trial under C.G.S. 552-270(a) is a civil action, and the plaintiff has the burden of proof by a preponderance of the evidence. Lombardo v. State, 172 Conn. 385,390-91.
A new trial will be ordered only for substantial reasons which establish probable cause to believe that a different result will be attained at a new trial, or that an injustice has been done. Lombardo, supra, 391.
The function of the court at a hearing for a new trial on the basis of newly discovered evidence is to compare the evidence taken at the trial with the newly discovered evidence to determine whether it is probable that the newly discovered evidence would change the result and whether an injustice has been done. See Demers v. State, 209 Conn. 143, 148-49 (1988).
The standard that governs the granting of a petition for a new trial based on newly discovered evidence is well established. The petitioner must demonstrate, by a preponderance of the evidence, that: (1) the proffered evidence is newly discovered, such that it could not have been discovered earlier by the exercise of due diligence; (2) it would be material on a new trial; (3) it is not merely cumulative; and (4) it is likely to produce a different result in a new trial. Asherman v. State (Asherman III), 202 Conn. 429, 434. This strict standard is meant to effectuate the underlying "equitable principle that once a judgment is rendered it is to be considered final," and should not be disturbed by post-trial motions except for a compelling reason. Id.
In determining the potential impact of new evidence, the trial court must weigh that evidence in conjunction with the evidence presented at the original trial.
Although the standard that governs the granting of a petition for a new trial is comprised of four prongs (supra p. 6) the court will consider only the fourth prong — that the new evidence is likely to produce a different result in a new trial — which is dispositive of this petition.
The new evidence is not likely to produce a different result in a new trial. It is noteworthy that the testimony of Brown, Collier and Tillis corroborate one another and harmonizes with the other evidence in the trial. Likewise, the statement CT Page 6460 of the defendant, to a degree, corroborates the witness' testimony that the defendant was present at or about the scene of the crime with Michael Walker.
After a comparison of the transcript of the trial proceedings with the newly proffered evidence this court is satisfied that the plaintiff has not carried his burden of proof and that it is not probable that the newly discovered evidence would change the result. This court is satisfied that it has not been shown that a injustice has been inflicted upon the petitioner.
Two additional points should be made. New trials are not granted upon newly discovered evidence which discredits a witness unless the evidence is so vital to the issues and so strong and convincing that a new trial would probably produce a different result. Burr v. Lichtenheim, 190 Conn. 351, 355. The proffered new evidence here is not so compelling.
Secondly, there has been another trial, that of petitioner's co-defendant, Michael Walker, which included the proffered testimony of Ms. Dion Smith. The jury, in Walker, convicted the defendant, as in the case of petitioner, of all counts.
Though the evidence in the Walker case was substantially similar to that of the petitioner, this court is aware that the same witnesses may have a different effect on a different jury. It is noteworthy, however, that the Walker jury after having had the benefit of Ms. Smith as a witness, gave her testimony little, if any, weight.
The petition for a new trial is denied.
MIANO, J.