[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO COMPEL
The plaintiff police officer claims the defendant police chief disseminated false and defamatory information about him. The plaintiff further alleges in the complaint that the defendant police chief was acting as the agent of the defendant town and has sued both for the alleged anguish, distress and humiliation caused by the chief's actions. The plaintiff also claims the dissemination of this information has interfered with his ability to do his job.
The source of the allegedly false information was apparently a female employee who made it known that on two CT Page 9350 occasions she had to wait to use the women's bathroom because the male plaintiff was using that facility. The female employee it would seem had some medical condition that required her to use the lavatory.
Counsel for the plaintiff scheduled a deposition for this lady and proceeded to inquire about the incidents referred to. She had difficulty remembering the dates on which the alleged incidents occurred and referred to a personal pocket calendar to refresh her memory during the course of the deposition. Counsel for the plaintiff then requested to look at the pocket calendar and defense counsel refused the request. It's the court's understanding that the woman claims that the calendar contains personal notes or perhaps medical information which this lady doesn't want revealed.
The plaintiff has filed a motion to compel the production of the pocket calendar. The obviously upset woman came to court and counsel for the defendant town objected to the relief demanded in the motion to compel. He suggests the court make an in camera inspection of the item turning over to plaintiff's counsel only that portion which would be appropriate — presumably references in the book to dates of the alleged incidents.
Plaintiff's counsel in his memorandum of law and at argument argued that since the pocket calendar was used to refresh the witness's recollection he was entitled to inspect it. When an item is shown to a witness at trial to refresh the witness's recollection opposing counsel has a right to examine it. Neff v. Neff, 96 Conn. 273, 278-281 (1921), State v. Grimes, 154 Conn. 314, 322 1966), cf. Tait LaPlante's Handbook of Connecticut Evidence 7:14 pp 165 et seq. As Tait says, the purpose of allowing opposing counsel to examine the item used to refresh recollection is to prevent fraud. As spelled out in Neff at pages 280-281, the basis for allowing opposing counsel to inspect material used to refresh recollection is to prevent a "fictitious use of the memorandum" — does the memorandum have "any legitimate tendency to bring the fact in controversy to mind." The opponent has a right to show the jury that the memorandum "could not properly refresh the memory of the witness."
It follows from this that if counsel examining a witness establishes that the witness's memory is exhausted, counsel CT Page 9351 may seek to refresh the witness's memory by handing the witness a multi-paged document for example. If the witness only looks at one page of this document, opposing counsel has a right to look only at that page. That is, analytically the reasoning of Neff doesn't give opposing counsel the right to inspect the whole multi-paged document by some magical or spiritual diktat inspired by the witness's laying of hands on the multi-paged document. Opposing counsel can only examine that portion of the whole document which in fact was used to refresh the witness's recollection. The transcript of the deposition provided to the court indicates that there may be some dispute over what the witness actually looked at — one page, a series of pages, did she peruse every page, is there an agreement between counsel as to what she actually look at?
Another issue is the question of appropriate relief if examining counsel refuses to turnover to opposing counsel the items used to refresh the witness's recollection. At trial if the item had been already shown to the witness but examining counsel refuses to deliver it to opposing counsel the testimony should be stricken. I suppose in a jury case where the striking of the testimony won't remove the prejudice caused by the witness's answer based on refreshed recollection, there might be situations where the court could order counsel to deliver the material to opposing counsel for examination.
The point is that here we are not involved in a trial situation but in an issue that arises at a deposition. Clearly as Tait points out at a deposition opposing counsel has a right to inspect any item shown by the examining lawyer to a witness to refresh recollection. But the remedy is not a trigger to automatic discovery. In Gordon v. Indusco Management Corporation, 164 Conn. 262 (1973) the remedy the court fashioned was to refuse the admission of the deposition into evidence because counsel had been deprived of his or her right to complete cross-examination, id. at pages 270-273. There is some hint at the end of the discussion of this issue in Gordon that in the appropriate case the entire testimony of the witness at trial could be stricken. Under certain circumstances the failure to deliver the document for inspection at the deposition could be used to impeach the witness before the trial jury. Scenarios could be imagined where failure to produce the document for inspection at a deposition could permit an adverse inference, cf. Secondino v. CT Page 9352 New Haven Gas Co. 147 Conn. 672, 674 (1960); State v. Alfonso,195 Conn. 624, 632 (1975) (Secondino applied to failure to produce physical evidence).
Simply put the court does not believe that the fact that this pocket calendar was shown to the witness to refresh her recollection automatically and without more gives plaintiff's counsel a right to inspect this item. However, it is also clear to the court that the deposition process has established for plaintiff's counsel that this item may very well contain information to which he is entitled under Sections 218 and 227 of the Practice Book. The dates and times of the alleged occurrences are important and perhaps even notes the witness made about her medical condition, since her reason for wanting to use the facility in question may be in issue as providing a basis for the motive she had for making complaints.
The only way to resolve this impasse is for the court to order the pocket calendar to be delivered to plaintiff's counsel by November 30, 1993. However, if the defendant or more particularly the woman here involved believes that protective order should issue requesting an in camera inspection or limitations on the use of or publicity given to this document (Practice Book 221) a motion for such an order should be filed before November 30, 1993 and set down for a hearing prior to that date. This motion should articulate specifically why the relief should be granted and what portion of the calendar presents a concern.
Corradino, J.