[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: PLAINTIFF'S MOTION TO VACATE ORDER AND MOTION TO MODIFY VISITATION
The plaintiff filed a motion to vacate order or modify the visitation order dated November 2, 2001. The court had previously entered orders modifying visitation for the defendant at a hearing held on October 29, 2001. The plaintiff appeared only through counsel, with the defendant appearing in court with his attorney. After hearing testimony of the defendant, Sharon Keston, Family Relations Officer, and argument from counsel, the court modified the visitation order of July 2, 2001 by adding additional visitation. Said visitation was consistent with the recommendations of the family relations officer as set forth in her report dated August 13, 2001. Said order included additional visitation time on Saturdays at 4:00 p.m. to Sundays at 12:00 p.m. and from 8:00 a.m. to 8:00 p.m. on Thursdays. The court also ordered that the plaintiff shall provide bottled breast milk or formula at her election.
The plaintiff, also by motion dated November 2, 2001 moved appointment of an attorney for the minor child. The court, on November 13, 2001, appointed Attorney Paige Quilliam as guardian ad litem for the minor child CT Page 16460 and continued the matter for one week. On November 19, 2001, the court denied the plaintiff's motion to vacate without prejudice and set the matter down for a hearing on November 27, 2001 to allow the plaintiff to testify and present her witnesses who did not appear before the court on the October 22, 2001 hearing.
On November 27, 2001, the court heard evidence from three witnesses subpoenaed by the plaintiff concerning inappropriate purchase and/or use of controlled substances by the defendant. The plaintiff failed in her burden of proof to convince the court that the defendant engaged in the conduct alleged and would be an inappropriate parent to visit with the minor child. Fabiano v. Fabiano, 10 Conn. App. 466, 472 (1984).
The court further heard testimony from Kathy Mason, a registered nurse in the State of Connecticut, with expertise in the area of lactation and benefits from breastfeeding. She testified as to the benefits of breastfeeding from a physical and psychological viewpoint of the mother and child. She further stated that it was not unusual for a mother to breastfeed a child to two and a half years of age. She also, however, opined that it is psychologically beneficial for the father to feed a child with breast milk in a bottle.
The court also heard testimony from Ronna Stuller, a TVCCA home visitor, who has known the plaintiff for approximately 15 years. She testified as to her experience with young children who need consistency in care and routine schedule to follow.
The court then heard from the plaintiff who testified as to her experience in breastfeeding her prior children and her need to continue to breastfeed her minor son who is the subject of this action. The Court also heard testimony from the plaintiff concerning her problems with expressing milk and pain from engorgement.
After the close of the plaintiff's case, the defendant testified as to his interest in continuing to visit with his child as previously ordered by the court at the October 22, 2001 hearing. The defendant also called Wendy Cavalieri, his sibling's fiance to reflect the testimony of the plaintiff. Ms. Cavalieri testified that she has known the plaintiff for three and a half years. She further testified that she had conversations with the plaintiff concerning breastfeeding. She stated that the plaintiff told her that there were various factors involved in her decision to breastfeed the child. One factor was the plaintiff's continued need to breastfeed so her husband John would not have overnight visitation with the child.
The Court heard testimony from the court-appointed guardian ad litem CT Page 16461 for the minor child, Attorney Paige Quilliam. Attorney Quilliam conferred with one of the plaintiff's pediatricians who advised her that in his opinion there is no medical reason why the child needs to be breastfed at the present time. His position however was at odds with a fellow pediatrician in his office with a disagreement as to the psychological and/or medical benefit from breastfeeding. Attorney Quilliam as guardian for the minor child testified that the court should not vacate or modify the visitation order put in effect on October 22, 2001.
The Court has reviewed the exhibits submitted by the plaintiff and has analyzed the testimony from the parties and their witnesses. The Court concludes that it is the best interest of the minor child to continue the visitation as ordered on October 29, 2001. The issue of credibility of the witnesses is left to the finder of fact. Christine v. Eager,129 Conn. 62 (1942). The Court is convinced that both the plaintiff and the defendant love and care for their child. It is also evident that the parties disagree as to the method in raising the child. The plaintiff wants the child available at all times during the night to breastfeed. The defendant wants to see the child and have the child with him on an overnight basis.
The Court concludes that the increase in visitation ordered by the court on October 29, 2001 is appropriate. The plaintiff has the ability to continue to breastfeed her child and at the same time express milk for the additional visitation times with the defendant. The defendant has only been granted one overnight visitation out of seven per week. The Court feels that the best interest of the child has been considered in increasing the visitation at the October 29, 2001 hearing.
The Court previously concluded that the plaintiff had actual notice of the October 29, 2001 hearing. The Court, however, gave the plaintiff the opportunity at the November 27, 2001 hearing to bring witnesses to convince the Court that the orders entered on October 29, 2001 should be vacated and/or modified. The Court denies the plaintiff's request to vacate said orders and further denies the request to modify said order. The pendente lite orders of visitation ordered by the Court on October 29, 2001 shall continue in full force and effect until further order of the Court.
Devine, J.