GOLFLAND REALTY CO., INC. *v.* MICHAEL GOLDBERG ET AL.

APPELLATE SESSION OF THE SUPERIOR COURT

FILE No. 1016

Argued January 21–decided April 10, 1981

*Stephen R. Ketaineck,* with whom, on the brief, was *Robert C. Mirto,* for the appellants (defendants DeMasi, Accetta and Goldberg).

*Lawrence J. Carboni,* for the appellee (plaintiff).

DALY, J. The defendants have appealed from the denial of their motion to open a judgment in a summary process action granting possession to the plaintiff for nonpayment of rent under a commercial lease. We have previously ordered a dismissal of the appeal which was taken from the judgment of possession rendered in favor of the plaintiff in this case, because

it was filed after the expiration of the five days allowed for an appeal by the summary process statute. General Statutes § 47a-35.

The facts have been stipulated as follows: The plaintiff, as lessor, and the defendant Michael Goldberg,[1] entered into a written lease for the use and occupancy of certain premises at the yearly rental of $27,500, payable in equal monthly installments. Goldberg took possession of the premises pursuant to the lease and began paying rent at the rate of $2291.66 per month. He failed to pay the rent due for four consecutive months and failed to comply with his obligation under the lease to carry certain liability insurance. The plaintiff advised Goldberg by letter that the lease agreement was breached because of his failure to pay the rent, and as a result of said breach the lease was terminated. Subsequently, the plaintiff served Goldberg with notice to quit possession of the premises. Although the time designated in the notice to quit possession has passed, Goldberg continues in possession.

The trial court concluded that the plaintiff was entitled to possession of the premises because of the defendant Goldberg's default for nonpayment of rent despite the absence of a defeasance clause in the lease. Judgment was rendered for the plaintiff. The defendants made a timely motion to open judgment. The sole basis of this motion was that the judgment was incorrect as a matter of law. In their appeal from the denial of the motion, the defendants raise the issue of whether the trial court erred in granting judgment for the plaintiff. We need not reach a decision on the merits of the case, however, because we find that the trial court did not abuse its discretion in denying the motion to open the judgment.

---

[1] The two other defendants involved in this appeal, Nicholas DeMasi and Anthony Accetta, claim an interest in the lease as successors in interest to Goldberg's interest in the lease. Another defendant, Peter N. Kapetan, did not participate in the motion to open or this appeal.

The action of a trial court in granting or denying a motion to open judgment is generally within the discretion of such court, and will not be disturbed on appeal unless there was a clear abuse of discretion. *Manchester State Bank* v. *Reale,* 172 Conn. 520, 523, 375 A.2d 1009 (1977); *Freccia* v. *Martin,* 163 Conn. 160, 165, 302 A.2d 280 (1972); *Stocking* v. *Ives,* 156 Conn. 70, 72, 238 A.2d 421 (1968). To determine whether there has been an abuse of discretion in a trial court's refusal to open judgment, we may look by analogy to General Statutes § 52-270, the statute concerning the granting of a new trial. See *McCulloch* v. *Pittsburgh Plate Glass Co.,* 107 Conn. 164, 167, 140 A. 114 (1927); *Gonirenki* v. *American Steel & Wire Co.,* 106 Conn. 1, 5, 137 A. 26 (1927). The purpose of this statute is to allow the granting of a new trial where a party has a meritorious defense, but has been deprived of a reasonable opportunity to present it. *State* v. *Grimes,* 154 Conn. 314, 325, 228 A.2d 141 (1966). "It [a petition for a new trial] does not furnish a substitute for, or an alternative to, an ordinary appeal but applies only when no other remedy is adequate and when in equity and good conscience relief against a judgment should be granted." Id. "The procedure is not intended to reach errors available on appeal of which the party should have been aware at the time when an appeal might have been taken." *Krooner* v. *State,* 137 Conn. 58, 60, 75 A.2d 51 (1950).

The motion to open judgment in the present case was filed after the five day appeal period for summary process actions had passed. It fails to allege any new claims. Since the issue raised by this motion could have been raised in a properly filed appeal, the trial court did not abuse its discretion in denying the motion.

There is no error.

In this opinion SHEA and COVELLO, Js., concurred.