On May 18, 1977, the court adjudicated the plaintiff the father of a child born to the defendant on October 22, 1976. The plaintiff represented himself at that proceeding. On April 4, 1979, the plaintiff brought the present petition seeking a new trial of the paternity matter relying for authority to do so upon General Statutes 52-270.[1] The state intervened as an interested party because of dependent aid furnished to the mother.
At the hearing of his petition the plaintiff produced two witnesses, his mother and his aunt. Each testified that at the time the child was conceived, during January 1976, the plaintiff was residing in New Jersey and, therefore, the acts of intercourse specifically enumerated by the defendant, who lived in Hartford, could not have occurred.
On the basis of that newly offered evidence and a review of the transcript of the plaintiff's "inartful self representation" at the original trial, the court concluded that the "plaintiff's rights were not adequately protected at the former trial and that an injustice might result if the case were not reopened." Accordingly, the court set aside the former judgment and ordered a new trial. On appeal, the state argues that the grounds furnished to the court were not sufficient to warrant a new trial. We agree.
"A petition for a new trial is a civil action. The plaintiff has the burden of proof, by the preponderance of *Page 720 
the evidence." Lombardo v. State, 172 Conn. 385,390-91, 374 A.2d 1065 (1977). "A petition will never be granted except on substantial grounds." State v. Grimes, 154 Conn. 314, 325, 228 A.2d 141
(1966). In considering a petition, trial judges must give first consideration to the proposition that there must be an end to litigation. Krooner v. State, 137 Conn. 58, 68, 75 A.2d 51 (1950).
The first ground relied upon in ordering a new trial was the "newly offered evidence" that the plaintiff was residing in New Jersey at the time the child was conceived. To serve as an adequate basis for a new trial, newly discovered evidence must satisfy five criteria. First, the evidence must, in fact, be newly discovered; second, the evidence must be material to the issue on a new trial; third, the evidence must be such that it could not have been discovered and produced at the former trial by the exercise of due diligence; fourth, it must not be merely cumulative; and finally, it must be likely to produce a different result. Lombardo v. State, supra, 390.
Evidence as to the plaintiff's whereabouts in January 1976 is obviously not newly discovered evidence to the plaintiff when one considers that we are dealing with a month long period which occurred during the eighteen month period immediately preceding the original trial. Such evidence presented in the form of testimony from the plaintiff's own mother and aunt clearly could have been discovered and produced at the earlier trial. Finally, standing alone, the geographical distance between Connecticut and New Jersey is not such that the plaintiff could not have visited the defendant. Thus, production of this evidence does not make it likely that there would have been a different result. We conclude, therefore, that the newly offered evidence of the plaintiff's whereabouts did not satisfy the recognized criteria that would warrant granting a new trial. *Page 721 
The court further concluded that the "plaintiff's rights were not adequately protected at trial due to inadequate representation." The state argues that the plaintiff had several opportunities to obtain counsel, that he elected not to do so and, therefore, that his own negligence in preparing and trying the case is not an adequate basis for a new trial. We agree.
Examination of the record discloses that when the original paternity proceeding was assigned for trial in May 1977, the plaintiff informed the court that he did not have counsel. At his request the court continued the matter to May 12, 1977, in order that the plaintiff might obtain counsel. On May 12, 1977, the plaintiff again appeared without counsel and the matter proceeded to trial. The court further continued the hearing to May 18, 1977, in order that the plaintiff might secure the attendance in court of three additional witnesses. On May 18, 1977, the plaintiff failed to appear in court and judgment was rendered against him.
"A petition for a new trial based on negligence of the party or his attorney in the preparation or trial of the case cannot be allowed. Equity will not relieve against the operation of a judgment rendered through negligence or inattention of a party or his attorney. The fact that either was negligent is not sufficient ground for escaping the application of this rule. Palverari v. Finta,129 Conn. 38 [26 A.2d 229 (1942)]." (Emphasis added.) Covello v. Bloom, 13 Conn. Sup. 227, 229 (1945).
The plaintiff further argues that the absence of counsel to represent him violated his constitutional right to due process. In support of that proposition, he relies on the language contained in Little v. Streater, 452 U.S. 1, 101 S.Ct. 2202,68 L.Ed.2d 627 (1981), wherein the United States Supreme Court held that because of the unique nature of the Connecticut paternity law, it was constitutionally impermissible to deny an indigent *Page 722 
defendant access to blood grouping tests for the reason that he lacked funds to pay for them. In Little v. Streater, the putative father did not claim a right to counsel nor did the Supreme Court expressly hold or imply that this should be the case. It simply does not stand for the proposition that the plaintiff would impute to its holding.
On the basis of all of the foregoing, we conclude that the plaintiff was not entitled to a new trial.
 There is error, the judgment is set aside and the case is remanded with direction to reinstate the original judgment.
In this opinion DALY and F. HENNESSY, Js., concurred.