STATE OF CONNECTICUT *v.* JACK CARTER
(2156)

DUPONT, C.P.J., HULL and DALY, Js.

Argued November 9, 1984—decision released February 5, 1985

236

*Paul J. Bakulski,* assistant attorney general, with whom, on the brief, was *Joseph I. Lieberman,* attorney general, for the appellant (state).

*Thomas P. Griffen,* for the appellee (defendant).

DALY, J. On May 1, 1981, the defendant acknowledged in writing the paternity of a child, H, who had been born on March 13, 1981, and agreed to pay money for her support. On January 25, 1983, the defendant moved to open the paternity proceedings[1] pursuant to General Statutes § 46b-172 (b).[2] The plaintiff has appealed[3] from the granting of the motion.

We must determine, at the threshold, whether this court has jurisdiction over the appeal. Although this point was not raised by the parties, "this court has a duty to reject, on its own motion, any appeal in which it lacks jurisdiction." *State* v. *Phillips,* 166 Conn. 642, 644, 353 A.2d 706 (1974). The right of the plaintiff to appeal is governed by General Statutes § 51-197a (a), which provides that appeals from final judgments of the Superior Court shall be taken to the Appellate Court. Public Acts, Spec. Sess., June, 1983, No. 83-29, § 3 (a).

---

[1] The motion was treated as a petition for a hearing on the issue of paternity by the parties and by the trial court.

[2] General Statutes § 46b-172 (b) provides in part as follows: "The prior judgment as to paternity shall be res judicata as to that issue and shall not be reconsidered by the court, unless the person seeking review of the acknowledgment petitions the superior court . . . for a hearing on the issue of paternity within three years of such judgment or within three years of October 1, 1982, whichever is later."

[3] This appeal was originally filed in the Appellate Session of the Superior Court. General Statutes § 51-197a (c).

" '[T]he granting of a motion to open a judgment is not ordinarily a final judgment within the appeal statute . . . .' " *State* v. *Phillips,* supra, 646. "Proceedings upon a motion to open a judgment and for a new trial are interlocutory. . . . The granting of the motion does not determine any of the substantive rights of the parties. . . . It determines merely that the parties must retry the issues in order to obtain a final adjudication of those rights." (Citations omitted.) *Hoberman* v. *Lake of Isles, Inc.,* 138 Conn. 573, 575, 87 A.2d 137 (1952). "It is clear that a judgment rendered upon a petition for a new trial is appealable."[4] *State* v. *Asherman,* 180 Conn. 141, 143, 429 A.2d 810 (1980).

The ultimate question is whether a § 46b-172 (b) petition for a hearing is like a motion to open or like a § 52-270 petition for a new trial.

A review of the legislative history of the applicable statutes sheds some light on this matter. General Statutes § 46b-172 (b) was amended by Public Acts 1981, No. 81-274, by inserting "unless the person seeking review of the acknowledgment petitions the court for a new trial under the provisions of section 52-270." This would appear to indicate that the General Assembly anticipated that the procedure would entail a petition for a new trial. Section 46b-172 (b) was subsequently amended, however, by Public Acts 1982, No. 82-6, by deleting "new trial under the provisions of section

---

[4] A petition for a new trial would be filed pursuant to General Statutes § 52-270 (a), which provides: "The superior court may grant a new trial of any action that may come before it, for mispleading, the discovery of new evidence or want of actual notice of the action to any defendant or of a reasonable opportunity to appear and defend, when a just defense in whole or part existed, or the want of actual notice to any plaintiff of the entry of a nonsuit for failure to appear at trial or dismissal for failure to prosecute with reasonable diligence, or for other reasonable cause, according to the usual rules in such cases. The judges of the superior court may in addition provide by rule for the granting of new trials upon prompt request in cases where the parties or their counsel have not adequately protected their rights during the original trial of an action."

238

52-270" and inserting "the superior court for the geographical area having venue for a hearing on the issue of paternity within three years of such judgment or within three years of the effective date of this act, whichever is later."

In seeking the legislative intent for this change, the court may resort to its pertinent antecedent legislative history. *Corbin* v. *Baldwin,* 92 Conn. 99, 105, 101 A. 834 (1917). Representative Alfred J. Onorato of the 97th Assembly District remarked as follows when the bill was being considered for passage: "Public Act 81-274 last year provided the alleged father an option to petition the court for a new trial to contest the acknowledgment of paternity. That procedure is too cumbersome, in that the petition for a new trial encompasses a lot of area. This bill is offered as a compromise to allow the alleged father to petition the court in which the action was originally sought, not for a new trial, but for a hearing on the issue of paternity alone, which will cut the process down and give this particular defendant his day in court." 25 H.R. Proc., Pt. 1, 1982 Sess., pp. 211–12.

"So far as the right of appeal is concerned, there is a distinction between an order granting a motion for a new trial and a judgment entered upon a petition for a new trial, which may be instituted at any time within three years after a judgment is rendered. . . . The latter is appealable. *Palverari* v. *Finta,* 129 Conn. 38, 41, 26 A. 2d 229 [1942]; *Husted* v. *Mead,* 58 Conn. 55, 68, 19 A. 233 [1889]. The difference is in at least two essential particulars. In the first place, a petition for a new trial is instituted by writ and complaint served upon the adverse party in the same manner as in any other new action. Although the action so started is collateral to the action in which the new trial is sought, it nevertheless is a distinct suit in itself. The judgment rendered therein is, therefore, the termination of the

suit. It is the final judgment in the action. See *State* v. *Kemp,* 124 Conn. 639, 644, 1 A.2d 761 [1938]. On the other hand, a motion for a new trial is filed in a case already pending and is merely a step in the procedure leading to the final judgment in that case. In the second place, claimed errors committed in rendering judgment on a petition for a new trial are not reviewable on an appeal from the judgment rendered in the action in which a new trial is sought. . . . The same is not true of a decision by the trial court on the less formal motion for a new trial. As is pointed out above, errors claimed in connection therewith may be assigned on the appeal from the judgment in the case in which the motion was made." *Hoberman* v. *Lake of Isles, Inc.,* supra, 576–77.

Our Supreme Court "has developed a number of standards delineating the requirement of finality. One test is whether the order or action terminates a separate and distinct proceeding. . . . Another test lies in the effect of an order as concluding the rights of some or all of the parties . . . and, finally, if the rights of the parties are concluded so that further proceedings cannot affect them, then the judgment is final." (Citations omitted.) *E. J. Hansen Elevator, Inc.* v. *Stoll,* 167 Conn. 623, 627, 356 A.2d 893 (1975); *Prevedini* v. *Mobil Oil Corporation,* 164 Conn. 287, 292, 320 A.2d 797 (1973).

"As with setting aside a judgment, after a motion for opening a judgment is granted, the case stands as though no judgment was rendered." *State* v. *Phillips,* supra, 646. Here, the paternity issue is opened as if no judgment was in effect. The matter may be litigated, and the plaintiff still has the right to appeal from the ruling and any adverse determination. The plaintiff's rights are not concluded in this case under the afore-

said test; hence, the granting of the defendant's motion is not a final judgment from which an appeal lies. This court, therefore, lacks jurisdiction.

The appeal is dismissed.

In this opinion the other judges concurred.