### Dorothy Clapper *v.* Lyman W. Clapper
### (2635)

Hull, Barall and Purtill, Js.

Argued February 22—decision released April 30, 1985

*Dominic S. Piacenza,* with whom, on the brief, was *Melvin Scott,* for the appellant (defendant).

*Peter W. Rotella,* with whom, on the brief, was *Joseph F. Segal,* for the appellee (plaintiff).

Barall, J. The defendant has appealed from a denial of his motion to open a judgment of dissolution.

The action was commenced in the spring of 1982 and was reached for hearing in the spring of 1983. The defendant requested and received a continuance to obtain an attorney. The matter was rescheduled for hearing on July 14, 1983 (the defendant received actual notice of the hearing on July 12th). On July 14, 1983, the defendant appeared in court and requested another continuance to obtain an attorney. He claimed that he had been misled into believing that he and his wife were reconciled and that she would not proceed with the divorce. The trial referee denied his request, after hear-

ing. The trial proceeded with the defendant representing himself. Judgment of dissolution was rendered on July 19, 1983.

On July 29, 1983, the defendant, through counsel, moved to open the judgment. The basis of the motion to open was that the defendant believed that he and his wife were reconciled and that, therefore, the failure to grant him a continuance to obtain counsel was improper. The motion to open was heard and denied.

The defendant claims on appeal that the court which denied his motion to open the judgment abused its discretion in not allowing him to introduce evidence of events which occurred prior to July 12, 1983, and which caused him to conclude that he and his wife had reconciled. We need not reach a decision on this evidentiary point because we find that the motion to open was an attempt to bypass an ordinary appeal.

The purpose of a motion to open is to permit the granting of a new trial when a party had a meritorious defense but did not have an opportunity to present it. It is not a substitute for an appeal of a claimed error which the party knew or should have known at the time the appeal could have been taken. *Tilo Co.* v. *Fishman,* 164 Conn. 212, 215, 319 A.2d 409 (1972); *State* v. *Grimes,* 154 Conn. 314, 325, 228 A.2d 141 (1966); *Golfland Realty Co.* v. *Goldberg,* 37 Conn. Sup. 645, 647, 433 A.2d 697 (1981).

The claims in the motion to open were merely a repeat of the claims before the trial court. If the defendant disagreed with that court, he should have appealed its decision.

There is no error.

In this opinion the other judges concurred.