ROBIN RIZZO *v.* JEFFREY PACK
(5314)

DALY, BIELUCH and FOTI, Js.

Argued January 19—decision released July 26, 1988

*Wilbur Ward Dinegar,* assistant attorney general, with whom, on the brief, was *Joseph I. Lieberman,* attorney general, for the appellant (state).

BIELUCH, J. The plaintiff brought this action on April 26, 1983, to establish the paternity of her second child, a daughter born out of wedlock on March 27, 1983. A judgment was rendered in favor of the defendant. The state of Connecticut, a party to this action pursuant to General Statutes § 46b-160,[1] has appealed from the denial of its petition for a new trial. We find no error.

The following facts are relevant to this appeal. This action was tried to the court, *Gerety, J.*, on March 7, 1985. On March 22, 1985, subsequent to trial but before judgment was rendered, the trial court ordered the plaintiff's counsel to notify the state of the pending action and of its status after the court found no record in the file that the state had been served with a copy of the petition even though a public assistance recipient was involved. General Statutes § 46b-160. The state thereafter entered an appearance on March 27, 1985, and, on April 8, 1985, filed a waiver of service of notice.

A judgment in favor of the defendant was rendered on July 3, 1985. No posttrial proceedings were instituted by the state until August 20, 1985, when a petition for a new trial was served upon the defendant.[2]

---

[1] General Statutes § 46b-160 provides in relevant part: "Proceedings to establish paternity of a child born or conceived out of lawful wedlock, including one born to, or conceived by, a married woman but begotten by a man other than her husband, shall be instituted by a verified petition of the mother or expectant mother, with summons and order, filed in the superior court for the geographical area in which either she or the putative father resides. . . . In cases involving public assistance recipients the petition shall also be served upon the attorney general who shall be and remain a party to any paternity proceeding and to any proceedings after judgment in such action."

[2] Since a petition for a new trial is the institution of a separate and distinct cause of action; *State* v. *Asherman,* 180 Conn. 141, 144, 429 A.2d 810 (1980); the state properly served a writ of summons on the defendant together with the petition. When these papers were returned to court, how-

The state sought a new trial on the ground that the judgment was "unjust" because a comparison of the court's memorandum of decision with the trial transcript revealed discrepancies as to the identity of the testimonial witnesses cited in the court's decision.

A hearing on the petition was held on September 24, 1985, before the court, *Ryan, J.* On January 8, 1986, the petition was denied with respect to the claims of law; the equitable issues were referred to the trial court, *Gerety, J.,* for consideration. These issues were denied by oral decision from the bench following a hearing on June 30, 1986.[3] The state's motion for an articulation of the earlier decision denying the petition with respect to the claims of law was denied by Judge Ryan, and this appeal followed.

The state claims that the court abused its discretion in denying the petition at law and in equity. The state maintains that the memorandum of decision regarding the paternity action demonstrates that "the decision of the trial judge, *Gerety, J.,* was based, in part at least, on that judge's disregarding as contrived the testimony of specific witnesses for the plaintiff, which witnesses the official record indicates never entered the courtroom or took the stand." We need not reach a decision on the merits of this claim because we find that the filing of the petition for a new trial was an improper attempt by the state to overcome its failure to take an appeal from the judgment rendered in the paternity action.

ever, the clerk failed to make a separate docket for the state's petition. General Statutes § 51-52 (a) (6). The record reveals that the clerk instead reopened the original file which had previously been concluded by judgment from which no appeal had been taken, and placed the petition on the short calendar for a hearing.

[3] Following the filing of this appeal by the state on July 18, 1986, at the request of the clerk of this court, Judge Gerety underscored and signed the portions of the hearing transcript constituting his memorandum of decision. Practice Book § 4059.

The procedure for procuring a new trial by petition, whether in a civil or criminal case, is authorized by § 52-270 of the General Statutes.[4] "[T]he proceeding is essentially equitable in nature; the petitioner has the burden of alleging and proving facts which would, in conformity with our settled equitable construction of the statutes, entitle him to a new trial on the grounds claimed; and the petition is addressed to the legal discretion of the trial court." *State* v. *Grimes,* 154 Conn. 314, 325, 228 A.2d 141 (1966).

The purpose of a petition for a new trial is to permit the granting of a new trial when a party had a meritorious defense below, but did not have an opportunity to present it. Id.; *Krooner* v. *State,* 137 Conn. 58, 60, 75 A.2d 51 (1950). When a petition is based upon newly discovered evidence, such evidence must in fact be newly discovered and could not have been discovered previously and produced at trial. *State* v. *Grimes,* supra.

"A petition will never be granted except on substantive grounds. It does not furnish a substitute for, or an alternative to, an ordinary appeal but applies only when no other remedy is adequate and when in equity and good conscience relief against a judgment should be granted." Id.; see *Wetzel* v. *Thorne,* 202 Conn. 561, 564, 522 A.2d 288 (1987). "[A petition for a new trial]

---

[4] "[General Statutes] Sec. 52-270. CAUSES FOR WHICH NEW TRIALS MAY BE GRANTED. (a) The superior court may grant a new trial of any action that may come before it, for mispleading, the discovery of new evidence or want of actual notice of the action to any defendant or of a reasonable opportunity to appear and defend, when a just defense in whole or part existed, or the want of actual notice to any plaintiff of the entry of a nonsuit for failure to appear at trial or dismissal for failure to prosecute with reasonable diligence, or for other reasonable cause, according to the usual rules in such cases. The judges of the superior court may in addition provide by rule for the granting of new trials upon prompt request in cases where the parties or their counsel have not adequately protected their rights during the original trial of an action.

"(b) An affidavit signed by any party or his or her attorney shall be presumptive evidence of want of actual notice."

is not a substitute for an appeal of a claimed error which the party knew or should have known at the time the appeal could have been taken." (Citations omitted.) *Clapper* v. *Clapper,* 3 Conn. App. 637, 638, 490 A.2d 1030 (1985).

Nothing in the record of this matter distinguishes it from a case in which a litigant has failed to take a timely appeal. The grounds alleged in the state's petition for a new trial, as well as the state's appearance as a party and waiver of notice of action in the paternity proceeding, support the reasonableness of the trial court's conclusion that an appeal should have been filed.

The state's petition does not claim the discovery of new evidence, but instead alleges grounds which are properly the basis for an appeal. In its petition, the state requested that a trial court decide whether a previous trial court committed error in view of the trial evidence and the record. Specifically, the subsequent trial court was requested to review the prior proceedings and, based on the state's claim that the original trial court had made mistaken identifications of testimonial witnesses in its memorandum of decision, determine whether the judgment rendered was "unjust." Such judicial inquiry, by its very nature, has been reserved for review by this court and our Supreme Court. Practice Book § 4061.

The state was a party to this action. Although it did not participate at trial, the state was later notified of the pending action and of its status before a judgment was rendered. No request was made by the state for a new trial before or after the rendition of judgment.[5] After notice of the action, upon the court's direction

[5] Practice Book § 320 provides, in relevant part: "Motions . . . for new trials, unless brought by petition served on the adverse party or parties, must be filed with the clerk within five days after the day the verdict is accepted or judgment rendered."

subsequent to the trial, but before judgment, the state, entered an appearance, and subsequently waived service of notice. The record also reveals that the state, working in conjunction with a private attorney retained by the state, upon his selection by the beneficiary of public assistance from a referral list provided by the state department of human resources, had the responsibility to initiate any action beyond trial. It is, therefore, the responsibility of the state in cases involving public assistance to monitor ongoing paternity actions prosecuted by private attorneys and to pursue an appeal if one is indicated. The state's failure to file an appeal cannot be attributed to the initial lack of service of the writ, summons and complaint, since notice was thereafter given, and the required service was waived before the rendition of judgment. Indeed, the state concedes that it had timely and adequate notice of the necessity to move for a new trial at the time judgment was rendered on July 3, 1985.[6] Additionally, a timely appeal could have been filed.

General Statutes § 52-270 does permit a new trial to be granted on petition upon proof of "reasonable cause." The basic test of "reasonable cause" is whether a litigant, despite the exercise of due diligence, has been deprived of a fair opportunity to have a case heard on appeal. *Wetzel* v. *Thorne,* supra, 565; *Tilo Co.* v. *Fishman,* 164 Conn. 212, 214–15, 319 A.2d 409 (1972). "A new trial may be granted 'to prevent injustice in cases where the usual remedy by appeal does not lie or where, if there is an adequate remedy by appeal, the party has been prevented from pursuing it by fraud, mistake or accident.' *Krooner* v. *State,* [supra, 60]. Absent such special circumstances, '[a] petition for a new trial does not furnish a substitute for, or an alternative to, an ordinary appeal.' *Tilo Co.* v. *Fishman,* supra, 215; *State* v. *Grimes,* [supra, 325]; *Black* v.

---

[6] See footnote 5, supra.

*Universal C.I.T. Credit Corporation,* [150 Conn. 188, 193, 187 A.2d 243 (1962)]; *Wojculewicz* v. *State,* [142 Conn. 676, 678, 117 A.2d 439 (1955)]; *Bishop* v. *Copp,* 96 Conn. 571, 574, 114 A. 682 (1921); *Andersen* v. *State,* 43 Conn. 514, 516 (1876)." *Wetzel* v. *Thorne,* supra, 565.

The state had available to it the remedy of an appeal. Notwithstanding our conclusion that we need not address the merits of the state's claim, we observe that no injustice will result if a new trial is not granted. The trial court's apparent confusion in its recollection as to the identity of the witnesses who had testified, and in attributing credit for testimonial evidence given, did not affect the probity and credibility of the evidence with regard to the issues before the court. The testimony relied upon by the court was correct; only the identity of its source was inaccurate in the court's memorandum of decision. The decision relied upon the facts given, and not the confusion in the names of their source.

The trial court did not abuse its discretion in denying the state's petition for a new trial. The petition was an attempt to escape a judgment finalized upon failure to appeal.

There is no error.

In this opinion the other judges concurred.