JAMES BLEIDNER *v.* LISA SEARLES
(6802)

SPALLONE, O'CONNELL and FOTI, Js.

Argued March 14—decision released July 11, 1989

*Mark L. Bergamo,* for the appellant (petitioner).

*Joseph Dimyan,* with whom, on the brief, was *Crystelle M. Hibbard,* for the appellee (respondent).

FOTI, J. The petitioner appeals from the trial court's judgment dismissing his petition for a new trial pursuant to General Statutes § 52-270.[1] We find no error.

---

[1] General Statutes § 52-270 provides in pertinent part: "CAUSES FOR WHICH NEW TRIALS MAY BE GRANTED. (a) The superior court may grant a new trial of any action that may come before it, for mispleading, the discovery of new evidence or want of actual notice of the action to any defendant or of a reasonable opportunity to appear and defend, when a just defense in whole or part existed, or the want of actual notice to any plaintiff of the entry of a nonsuit for failure to appear at trial or dismissal for failure to prosecute with reasonable diligence, or for other reasonable cause, according to the usual rules in such cases. The judges of the superior court may

The facts relevant to our resolution of this appeal are not in dispute. In January, 1984, the respondent initiated a paternity action against the petitioner seeking a judicial determination that the petitioner was the father of her son born on August 26, 1983. On August 3, 1984, the trial court approved a stipulation of judgment, agreed to by the parties and signed by their attorneys, in which the petitioner stipulated to paternity and agreed to provide financial support for the child.[2] Subsequently, on August 16, 1984, pursuant to the stipulated judgment, the petitioner signed an acknowledgment of paternity that was witnessed and signed by a notary public. That document was then signed by the respondent and filed in the court on November 6, 1984.

On November 9, 1987, the petitioner initiated the present action for a new trial pursuant to General Stat-

in addition provide by rule for the granting of new trials upon prompt request in cases where the parties or their counsel have not adequately protected their rights during the original trial of an action."

[2] The stipulation entered into by the parties provided:

"The plaintiff, Lisa A. Searles, and the Defendant, James Bleidner, stipulate as follows:

"1. The Defendant acknowledges paternity of Ryan James Searles born to the plaintiff on August 26, 1983 and will sign any request for such documentation by the State of Connecticut or any municipality thereof, including but limited to the requirements of Connecticut General Statutes Section 46b-172.

"2. The Defendant agrees to pay to the plaintiff the lump sum of Five Hundred Fifty Dollars ($550.00), reflecting the plaintiff's claim for initial costs for the child's care.

"3. The defendant agrees to pay to the plaintiff the sum of Fifty Dollars ($50.00) per week as support for the minor child.

"4. The plaintiff at the present time carries major medical insurance and the minor child is a beneficiary thereunder. Any medical and dental bills not covered by the plaintiff's insurance carrier shall be divided equally between the plaintiff and the defendant. The defendant shall have the right in non-emergency medical situations to obtain another medical opinion at his own expense. The parties agree to discuss that course of treatment. The defendant shall not unreasonably withhold consent of such treatment."

utes § 52-270 (a). After a hearing, the trial court dismissed the petition finding that the petitioner had failed to meet his burden of proving he was entitled to a new trial. In both the prior paternity action and the present action for a new trial, the petitioner was represented by counsel.

A petition for a new trial is a statutory remedy that is essentially equitable in nature. *State* v. *Grimes,* 154 Conn. 314, 325, 228 A.2d 141 (1966). General Statutes § 52-270 sets forth the limited circumstances in which a new trial will be granted. The petitioner has the burden of proving by a preponderance of the evidence that he is entitled to a new trial on the grounds claimed. *Johnson* v. *Henry,* 38 Conn. Sup. 718, 719–20, 461 A.2d 1001, cert. denied, 464 U.S. 1011, 104 S. Ct. 533, 78 L. Ed. 2d 714 (1983). The petition is addressed to the sound discretion of the trial court. *Rizzo* v. *Pack,* 15 Conn. App. 312, 315, 544 A.2d 252 (1988).

"A petition will never be granted except upon substantial grounds. It does not furnish a substitute for, or an alternative to, an ordinary appeal but applies only when no other remedy is adequate and when in equity and good conscience relief against a judgment should be granted." *State* v. *Grimes,* supra; *Rizzo* v. *Pack,* supra. "In considering a petition, trial judges must give first consideration to the proposition that there must be an end to litigation. *Krooner* v. *State,* 137 Conn. 58, 68, 75 A.2d 51 (1950)." *Johnson* v. *Henry,* supra, 720.

Although General Statutes § 52-270 permits the court to grant a new trial upon proof of "reasonable cause," the circumstances in which reasonable cause may be found are limited. *Wetzel* v. *Thorne,* 202 Conn. 561, 565, 522 A.2d 288 (1987). "The basic test of 'reasonable cause' is whether a litigant, despite the exercise of due diligence, has been deprived of a fair opportunity to have a case heard on appeal. . . . 'A new trial may

be granted "to prevent injustice in cases where the usual remedy by appeal does not lie or where, if there is an adequate remedy by appeal, the party has been prevented from pursuing it by fraud, mistake or accident." *Krooner* v. *State,* [supra 60]. Absent such special circumstances, "[a] petition for a new trial does not furnish a substitute for, or an alternative to, an ordinary appeal." . . .' *Wetzel* v. *Thorne,* supra, 565." (Citations omitted.) *Rizzo* v. *Pack,* supra, 317–18. To prevail, the petitioner must establish that the trial court's denial of his petition constituted a clear abuse of discretion. *Wetzel* v. *Thorne,* supra, 564.

The plaintiff claims that the trial court erred in failing to find that General Statutes § 46b-172 (b)[3] con-

[3] "[General Statutes] Sec. 46b-172. (Formerly Sec. 52-442a). ACKNOWLEDGMENT OF PATERNITY AND AGREEMENT TO SUPPORT; JUDGMENT. (a) In lieu of or in conclusion of proceedings under section 46b-160, the written acknowledgment of paternity executed by the putative father of the child when accompanied by a written affirmation of paternity executed and sworn to by the mother of the child and filed with the superior court, for the judicial district in which the mother of the child or the putative father resides shall have the same force and effect as a judgment of that court; and an agreement to support the child by payment of a weekly sum until the child attains the age of eighteen years, together with provisions for reimbursement for lying-in expense, accrued maintenance and reasonable expense of prosecution of the petition, when filed with, and approved by a judge of said court, or in IV-D support cases, a family support magistrate at any time, shall have the same force and effect, retroactively or prospectively in accordance with the terms of said agreement, as an order of support entered by that court, and shall be enforceable and subject to modification in the same manner as is provided by law for orders of the court in such cases. Payments under such agreement shall be made through the family relations office of the superior court. Such written affirmations, acknowledgments and agreements to support shall be sworn to, and shall be binding on the person executing the same whether he is an adult or a minor. Such mother shall not be excused from making such affirmation on the ground that it may tend to disgrace or incriminate her; nor shall she thereafter be prosecuted for any criminal act involved in the conception of the child as to whose paternity she makes affirmation.

"(b) At any time after the filing with the court of any acknowledgment of paternity, upon the application of any interested party, the court or any judge thereof or any family support magistrate in IV-D support cases shall

stituted "reasonable cause" within the meaning of General Statutes § 52-270, thereby entitling him to a hearing on the issue of paternity. The linchpin of the petitioner's claim is that under General Statutes § 46b-172 (b), he has an "absolute right" to be "reheard" on the issue of paternity. Because we find this contention to be without merit, we conclude that the trial court did not abuse its discretion in denying the petition for a new trial.

We begin our analysis by reviewing the purposes and history of § 46b-172 and paternity matters generally. General Statutes §§ 46b-160 through 46b-179d. General Statutes § 46b-160 sets forth the procedure by which a mother or expectant mother may initiate a paternity action by petitioning the court to establish the paternity of a child born out of wedlock. In a prosecution under § 46b-160, either party, the mother or the putative father, may demand a trial by a jury of six. General Statutes § 46b-164.[4] The trial court's approval

---

cause a summons, signed by him or by the clerk or assistant clerk or assistant clerk of the family support magistrate division in IV-D support cases, of said court, to be issued, requiring the putative father to appear in court at a time and place named therein, to show cause, if any he has, why the court or the family support magistrate assigned to the judicial district in IV-D support cases should not enter judgment for support of the child by payment of a weekly sum until the child attains the age of eighteen years, together with provision for reimbursement for lying-in expense, accrued maintenance and reasonable expense of the action under this subsection on the acknowledgment of paternity previously filed with said court. *The prior judgment as to paternity shall be res judicata as to that issue and shall not be reconsidered by the court, unless the person seeking review of the acknowledgment petitions the superior court for the judicial district having venue for a hearing on the issue of paternity within three years of such judgment or within three years of October 1, 1982, whichever is later.* All such payments shall be made through the family relations office of the superior court." (Emphasis added.)

[4] "[General Statutes] Sec. 46b-164. (Formerly Sec. 52-438). EITHER PARTY MAY DEMAND TRIAL BY JURY OF SIX. In any prosecution under the provisions of this chapter, the trial of the question of facts as to the guilt or innocence of the defendant shall, at the desire of either party, be by a jury of six."

is required before a petition is withdrawn or settled, unless an agreement is made pursuant to § 46b-172. General Statutes § 46b-170.[5]

General Statutes § 46b-172 provides a procedure by which paternity may be acknowledged in writing by a putative father and mother. Unlike a suit initiated pursuant to § 46b-160, the acknowledgment procedure provides an alternative to a full scale judicial proceeding, and an agreement reached pursuant to it does not require court approval. The acknowledgment procedure may be followed "[i]n lieu of or in conclusion of" a paternity action initiated pursuant to § 46b-160. Once a person signs a written acknowledgment form, that form is filed with the court and has "the same force and effect as a judgment of the court . . . ." General Statutes § 46b-172 (a). As to the issue of paternity, that judgment is res judicata, and is reviewable by the court only through a petition for a hearing on that issue filed within three years of the entry of the judgment. General Statutes § 46b-172 (b). Since its enactment, § 46b-172 (b) has been amended by the legislature and interpreted by our courts and a federal court.

Our review of the legislative history and case law interpreting this section convinces us that the petitioner's reliance on § 46b-172 (b) and *Stone* v. *Maher*,

[5] "[General Statutes] Sec. 46b-170. (Formerly Sec. 52-439a). WITHDRAWAL OR SETTLEMENT. No such petition shall be withdrawn except upon approval of a judge assigned to the court in which the petition was brought. Any agreement of settlement, before or after a petition has been brought, other than an agreement made under the provisions of section 46b-172, between the mother and putative father shall take effect only upon approval of the terms thereof by a judge of the superior court assigned to the [geographical area] in which the mother or the putative father resides and, in the case of children supported by the state or the town, on the approval of the commissioner of human resources, the commissioner of income maintenance or the attorney general. When so approved, such agreements shall be binding upon all persons executing them, whether such person is a minor or an adult."

527 F. Sup. 10 (D. Conn. 1980), for the proposition that he has an "absolute right to be reheard" on the issue of paternity, is misplaced. In 1980, § 46b-172 (b) provided: "[T]he prior judgment as to paternity shall be res judicata as to that issue and shall not be reconsidered by the court." General Statutes (Rev. to 1979) § 46b-172 (b). Thus, under the original version of § 46b-172 (b), once a putative father acknowledged paternity, that action was conclusive and could not be challenged in a future court proceeding. In interpreting the 1980 version of the statute, a federal court held that, to the extent that § 46b-172 (b) precluded a putative father who had acknowledged paternity by signing an acknowledgment form from thereafter litigating that issue in a judicial proceeding for the purpose of determining his support obligations, that section was unconstitutional. *Stone* v. *Maher,* supra. In *Stone* v. *Maher,* the putative father signed an acknowledgment form supplied by the family relations office of the state in which he acknowledged paternity and agreed to support the child financially. The form did not contain any information regarding the putative father's rights to counsel, or to a hearing on the issue of paternity, nor was there any language explaining that the acknowledgment constituted a waiver of his rights. The putative father was not represented by an attorney at the time he signed the acknowledgment form, and no formal judicial hearing was held.

Since the court's ruling in *Stone* v. *Maher,* our courts have had the opportunity to review that holding and its application. "The class to which the ruling of *Stone* v. *Maher,* supra, applies is clearly that of putative fathers who executed a written acknowledgment of paternity pursuant to General Statutes § 46b-172 and *were never given an opportunity to litigate the issue of paternity.*" (Emphasis added.) *Perkins* v. *Perkins,* 3 Conn. App. 322, 326, 487 A.2d 1117 (1985); *Stone* v.

*Maher,* supra, 18. *Stone* v. *Maher* is inapposite to a situation "where the [putative father], who was represented by counsel, appeared and participated in a judicial proceeding in which his status as father of the minor child was raised and adjudicated. . . . See *Vogel* v. *Vogel,* 178 Conn. 358, 363, 422 A.2d 271 (1979)." *Perkins* v. *Perkins,* supra. Nor does *Stone* v. *Maher* apply under circumstances in which the putative father could "have litigated the question of paternity, but he chose not to." *Perkins* v. *Perkins,* supra. Under circumstances in which a putative father was represented by counsel and elected not to contest the issue of paternity, we will assume that he, unlike the plaintiff in *Stone* v. *Maher,* was aware of the consequences of his decision. *Perkins* v. *Perkins,* supra.

In response to the decision in *Stone* v. *Maher,* the General Assembly amended § 46b-172 (b) to provide a procedure by which a putative father could obtain a hearing on the issue of paternity after signing an acknowledgment form by filing a petition for a hearing within three years of the judgment. General Statutes (Rev. to 1982) § 46b-172 (b).[6] Implicit in a petition for a hearing on the issue of paternity under § 46b-172 (b) is that the defendant *never had the opportunity to have his day in court* on that issue in the first place. See *Perkins* v. *Perkins,* supra, 326 n.6; *State* v. *Carter,* 3 Conn. App. 235, 486 A.2d 1138 (1985).

In view of the established law in this area, we conclude that there is no "absolute right to be reheard" on the issue of paternity as the petitioner maintains.

---

[6] The General Assembly's initial response to *Stone* v. *Maher,* 527 F. Sup. 10 (D. 1980), was to permit a putative father to seek review of the issue of paternity by petitioning the trial court for a new trial pursuant to General Statutes § 52-270. General Statutes (Rev. to 1981) § 46b-172 (b), as amended by Public Acts 1981, No. 81-274. The rationale for the change in procedure from new trial to a petition for a hearing was to provide a less cumbersome and more expeditious means for a putative father to seek a hearing. *State* v. *Carter,* 3 Conn. App. 235, 238, 486 A.2d 1138 (1985).

It is equally clear that the petitioner in this case does not fall within the class of persons that the court in *Stone* v. *Maher,* sought to protect. The record in the present case reveals that in August, 1984, the trial court approved a stipulated judgment, signed by the parties' attorneys, in which the plaintiff admitted paternity and agreed to certain support arrangements. Although the petitioner also signed an acknowledgment form subsequent to the entry of judgment, and that form was filed with the court, that acknowledgment was in addition to the stipulated judgment. The petitioner had *the opportunity to litigate* the issue of paternity, but chose instead, to stipulate to judgment, which was approved by the trial court. Throughout the entire proceeding the petitioner was represented by present counsel. Under these circumstances, we may presume that the petitioner was aware of the consequences of his decision. *Perkins* v. *Perkins,* supra, 326.

Having rejected the petitioner's claim that he has an absolute right to be reheard on the issue of paternity, and having determined that the petitioner does not fall within the class of persons protected by the holding of *Stone* v. *Maher,* supra, we conclude that the trial court did not err in dismissing his petition for a new trial. This case does not present a situation in which a litigant has been deprived of a fair opportunity to have his case heard on appeal so as to constitute "reasonable cause" pursuant to General Statutes § 52-270. The petitioner in this case, aided by his present attorney, chose to waive his right to have his case heard on the merits by stipulating to judgment. That judgment was approved by the trial court. If he was unhappy with this determination, the petitioner's remedy was to appeal the judgment or move to open it within four months. Accordingly, the petitioner having failed to establish "reasonable cause" or any other grounds

entitling him to a new trial pursuant to § 52-270, we conclude that the trial court's action dismissing the petition was well within its discretionary authority.

There is no error.

In this opinion the other judges concurred.