[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM RE: MOTION FOR BLOOD TESTS (#114, #115)
Barbara and Michael Ohler were married on October 19, 1974. On January 4, 1980, the court, Pickett, J., issued a decree of dissolution of the aforesaid marriage. The court further found that Tonya Lynn Ohler, born May 26, 1977, was the lawful issue of Barbara and Michael Ohler. The court ordered the defendant Michael Ohler to make weekly support payments for Tonya. On May 29, 1991, subsequent to the defendant's motion for modification because he is not Tonya's father, the court, Dranginis, J., ordered that the plaintiff, Barbara Ohler, appear on June 17, 1991 to show cause why the January 4, 1980 decision regarding Tonya should not be modified. Thereafter, on October 17, 1991, the defendant filed a motion for an order requiring the parties to submit to paternity testing on the basis that the paternity of Tonya is in question.
Connecticut General Statutes 46b-172(b) states, in pertinent part, that:
 [P]rior judgment as to paternity shall be res judicata as to that issue and shall not be reconsidered by the court, unless the person seeking review of the acknowledgment petitions the superior court for the judicial district having venue for a hearing on the issue of paternity within three years of such judgment.
Id. (Emphasis added.) See also Bleidner v. Searles, 19 Conn. App. 76, 82,561 A.2d 954 (1989).
Where the father "was represented by counsel, appealed and participated in a judicial proceeding in which his status as father of the minor child was raised and adjudicated. . ." Bleidner, supra at 83, or where the further "could `have litigated the question of paternity, but he chose not to'" Id. quoting Perkins v. Perkins, 3 Conn. App. 322, 326487 A.2d 1117 (1985), it is "presume[d] that the [father] was aware of the consequences of his decision," Bleidner, supra at 84 (citing Perkins, supra at 326), and such a decision is res judicata as to that issue. Bleidner, CT Page 9580 supra at 81. In accordance with General Statutes 46b-172(b), such a decision for paternity is reviewable only if a petition for a hearing on that issue is filed within three years of the entry of the judgment. Id.
It should be noted that General Statutes 46b-172(b) pertains to putative fathers. However, the effect of that statute is relevant here, as no distinction can properly be drawn in this case between a putative father for purposes of this statute and the previously-determined father of a "legitimate" child.
The dissolution and support proceedings in this matter were proceedings in which the defendant, with the advice of counsel, participated and in which his status as father of the minor child was raised and adjudicated. Thus, the January 4, 1980 decision of the court finding that the defendant is the father of Tonya is res judicata as to that issue and cannot be reconsidered unless the person seeding review of that decision petitioned the appropriate court within three years thereof, or on or before January 4, 1983. Because the defendant failed to petition this court until more than eleven years after the initial decision, this court cannot consider this matter, and the motion for blood tests to establish paternity is denied.
PICKETT, J.