[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON PLAINTIFF'S MOTION TO DISMISS
January 14, 1986, pursuant to General Statutes46b-172 (a), defendant Evert C. Dahlquist, Jr. signed an acknowledgement of paternity stating that he is the father of Deacon Dahlquist. Also, pursuant to 46b-172 (a), plaintiff Linda Tilson ("Tilson"), the mother of Deacon Dalquist, signed an affirmation of paternity affirming that the defendant is the father of her child. The parties do not contest the proper execution of these documents.
On July 14, 1988, plaintiff State of Connecticut ("State") filed an application for show cause order in regard to support judgment against the defendant. The State is an interested party in this case because Tilson received public assistance for the minor child under the Aid to Families with Dependant Children program. The court issued an order on August 19, 1988, finding the defendant in arrears on his child support obligations and ordering an immediate wage garnishment. The defendant filed a motion for a new trial on June 22, 1993, pursuant to General Statutes 52-270, on the issue of defendant's paternity. The State has moved to dismiss the defendant's motion for a new trial on the basis that the court lacks jurisdiction to reopen the paternity issue.
Section 52-270 sets forth the causes for which a new trial may be granted by the superior court. General Statutes52-582 provides that "[n]o petition for a new trial in any civil or criminal proceeding shall be brought but within three years next after the rendition of the judgment or decree complained of." General Statutes 52-582. "Section 52-582
amounts to a statute of limitations." J. v. V., 6 CSCR 395
(March 19, 1991, Fuller, J.).
Acknowledgement and judgment of paternity are governed by46b-172 (a), which states, in part that "the written acknowledgment of paternity executed by the putative father of the child . . . shall have the same force and effect as a judgment . . ." of the court.
General Statutes 46b-172 (b) provides, in part: CT Page 10704
 The prior judgment as to paternity shall be res judicata for all paternity acknowledgments filed with the court as to that issue and shall not be reconsidered by the court, unless the person seeking review of the acknowledgment petitions the superior court for the judicial district having venue for a hearing on the issue of paternity within three years of such judgment.
The State argues that the court is without jurisdiction to reopen the paternity issue. It asserts that 46b-172
exclusively governs the putative father's remedy regarding the issue of paternity and, pursuant to the three year statute of limitations in 46b-172, the defendant no longer has the right to a hearing on the issue of paternity. Furthermore, even if52-270 applies, the State claims that the defendant has similarly failed to comply with the 52-582 statute of limitations. The defendant claims that he is entitled to a new trial pursuant to 52-270, as 46b-172 (b) is not the exclusive procedure available to obtain a new hearing on the issue of paternity. The defendant does not address his alleged failure to comply with the statute of limitations.
In Wilson v. Kelly, 224 Conn. 110, 123 (1992), the Supreme Court stated:
 As a general rule, if a statute creates a cause of action that did not exist at common law, the period established for bringing the action is a limitation of the liability itself, and not of the remedy alone. In such a case, if a plaintiff has failed to comply with the limitation period, a court should dismiss the action for lack of subject matter jurisdiction. If, however, an action is barred by a statute of limitations period that does not inhere in the action itself, the remedy is not a dismissal but a judgment for the party asserting the bar.
(Citations omitted.)
In J. v. V., supra, 395, the court stated: CT Page 10705
 The right of action in Connecticut in paternity suits is derivatively based on common law although it is controlled by statute. While the petition for new trial is based upon a statute, section 52-270, it is not an independent action, but is part of the original proceeding. While the present form of the petition for a new trial is controlled by statute, a form of the action existed prior to 1800. The statute of limitations for a petition for a new trial under 52-270 is now the three year statute of limitations in 52-582.
(Citations omitted.)
Since the right of action in Connecticut in paternity suits derives from the common law; see Moore v. McNamara,201 Conn. 16, 24 (1986); a motion to dismiss is not the proper vehicle for contesting the defendant's failure to comply with the statute of limitations. Instead, the State should address this issue with a motion for summary judgment.
Further, the right to petition for a hearing on the issue of paternity pursuant to 46b-172 (b) is similarly based in common law and the remedy for failing to comply with this statute of limitations is not a dismissal. The legislative history of 46b-172 (b) indicates that the right to petition for a hearing on the issue of paternity was intended as a less cumbersome and more expeditious alternative to 52-270. In discussing the intent of 46b-172 (b), one representative stated that the "`bill is offered as a compromise to allow the alleged father to petition the court in which the action was originally sought, not for a new trial, but for a hearing on the issue of paternity alone, which will cut the process down and give this particular defendant his day in court.'" State v. Carter, 3 Conn. App. 235, 238 (1985).
The 46b-172 (b) right to petition is based on the same common law right of action as 52-270 and, thus, a motion to dismiss is not the proper vehicle for contesting the failure to comply with the period of limitations of 46b-172 (b).
For the reasons stated above, the court denies plaintiff State of Connecticut's motion to dismiss.
Hendel, J. CT Page 10706