[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON PETITION FOR NEW TRIAL
The plaintiffs, Donald Walters and his wife, Carmelita Walters, have brought this civil petition for a new trial pursuant to General Statutes Section 52-270 (a). The defendant obtained a default judgment against both plaintiffs in the amount of $3,510.96 damages plus $184.20 costs on June 10, 1992, and in this action the plaintiffs are asking that that judgment be set aside and that they be granted a new trial.
C.G.S. Section 52-270(a), which is the statute upon which this petition is brought, provides in pertinent part:
 The Superior Court may grant a new trial of any action that may come before it, for . . . want of actual notice of the action to any defendant . . ., when a just defense in whole or part existed . . .
"A petition for a new trial is a statutory remedy that is essentially equitable in nature. State v. Grimes, 154 Conn. 314,325, 228 A.2d 141 (1966). General Statutes § 52-270 sets for the limited circumstances in which a new trial will be granted. The petitioner has the burden of proving by a preponderance of the evidence that he is entitled to a new trial on the grounds claimed. Johnson v. Henry, 38 Conn. Sup. 718, 719-20,461 A.2d 1001, cert. denied. 464 U.S. 1011, 104 S.Ct. 533, 78 L.Ed.2d 714
(1983). The petition is addressed to the sound discretion of the trial court. Rizzo v. Pack, 15 Conn. App. 312, 315, 544 A.2d 252
(1988)." Bleidner v. Searles, 19 Conn. App. 76, 78 (1989).
The plaintiffs each claim that they had no notice of the CT Page 7165 action or any opportunity to appear and defend and that a complete defense existed at the time judgment was entered. Therefore, in this case each of the plaintiffs had the burden of proving by a preponderance of the evidence that each one of them had no actual notice of the action brought by the defendant and that each one of them had a just defense to the suit by the defendant.
The June 10, 1992 judgment was based on a claim by the defendant that the plaintiffs had opened a charge account in their names at the defendant's furniture store in Milford, Connecticut, that various purchases were then made, and that a balance of $3,050.96 was due on the account. A judgment by default for $3,050.96 plus attorney's fees of $460.00, plus costs of $184.20 was entered on June 10, 1992.
Service of process on each plaintiff was attempted to be made at their usual place of abode. However, the process was not left at the plaintiffs' place of abode in Bridgeport, but rather at the home of the plaintiffs' daughter in Stratford. This mistake in service was probably caused by the fact that all the furniture which was purchased on the account was either picked up at the store or delivered to the daughter's home in Stratford.
The only witness for the plaintiffs was Donald Walters. He testified that he had not received any notice of the suit until long after judgment was entered, that he did not open a charge account at the store, that he had never been in the store as a customer, that he never purchased any furniture at the store and that the signatures on the credit application were neither his nor his wife's, and that the signatures on the various purchase orders were not his wife's signature. Carmelita Walters did not testify.
Professor Edward L. Stephenson, in his recognized work,Connecticut Civil Procedure (2d Ed., 1971) Section 210(d), 882, has stated that one of the essentials to be proven by the plaintiffs in this type of proceeding is the existence of a just defense.
 To obtain a new trial on the grounds set forth above, one further requirement must be met. The petition must allege that the petitioner had "a just defense in whole or in part" and it must set forth the defense so that it can be evaluated. Merely alleging that the petitioner was deprived of a defense is not CT Page 7166 enough. "Enough must be alleged to enable the court . . . to see not only what the cause of action was, upon which the judgment was rendered, but what the defense is that the petitioner purposes to set up, that the court may say that it is, if established, a sufficient defense." And he must, at the hearing, "make a reasonable showing that he has such a defense."
The court finds that the plaintiffs have made a reasonable showing that the defense they wish to raise at a new trial is that they did not open the charge account and did not make any purchases at the defendant's store. This claim, if established at a new trial, would constitute a sufficient defense.
The other essential that each plaintiff must prove in order to be entitled to a new trial is that he or she did not have actual notice of the original action brought by the defendant. Even though the service of process was defective, if actual notice of the action is somehow brought to the attention of the party being sued in time for that party to defend the lawsuit, then a new trial is not warranted. Black v. UniversalC.I.T. Corporation, 150 Conn. 188. Since the statute places the burden of proof on the petitioner, each plaintiff must prove "want of actual notice."
The court finds that the plaintiff Donald Walters has proven his claim that he never received actual notice of the pendency of the original action. However, despite the fact that it is clear that the purported abode service was ineffective, there is no evidence from which the court could find that Carmelita Walters has proven want of actual notice, and the court therefore finds that she has failed to prove this essential requirement.
Accordingly, for the reason set forth above, the petition for a new trial is granted with respect to the plaintiff Donald Walters and denied with respect to the plaintiff Carmelita Walters.
William L. Hadden, Jr. Judge Trial Referee