[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE MOTIONS FOR SUMMARY JUDGMENT (118.00, 120.00)
The plaintiffs Karen A. and Kathleen A. Murphy (Murphys) filed a Petition for New Trial naming the City of Stamford Zoning Board of Appeals and the Stamford Zoning Enforcement Officer (collectively, Stamford) as defendants. The petition was filed pursuant to General Statutes § 52-270.[1]
Presently before the court are summary judgment motions filed by both the Murphys and Stamford. At oral argument on January 21, 2003, the Murphys, who are proceeding pro se, and counsel for Stamford, agreed there was no genuine issue as to any material fact, and summary judgment was appropriate. The court agrees with this assessment.
 FACTS
In 2000, the Murphys commenced an action in the nature of an administrative appeal seeking judicial review of a decision by the Stamford Zoning Board of Appeals which upheld a ruling of the Stamford Zoning Enforcement Officer refusing to grant the Murphys a permit to build a new residential structure on their property. This refusal was based on the fact that three other buildings, described as a a cottage, a green house and a garage, existed on the Murphys' property, and when the new residence was constructed these three buildings would become "accessory" to the residential use and would be located in the front of the house in violation of the Stamford Zoning Regulations requiring that accessory structures be located to the rear of the main residence.
The Murphy's appeal also included a second issue. Before the ZBA they had also requested a variance for the three structures. The ZBA granted the variance but imposed certain conditions, and these conditions were appealed by the Murphys. CT Page 1942
The appeals were heard and decided by Judge Trial Referee William Lewis. Murphy v. Zoning Board of Appeals, Superior Court, judicial district of Stamford-Norwalk at Stamford, CV00 0179346 (July 11, 2001). The nine page memorandum of decision affirmed the actions of the ZBA in upholding the ZEO and granting the variances with conditions, and dismissed the Murphys' appeals.[2]
The events critical to this motion then occurred. On July 23, 2001, the Murphys filed an appeal of Judge Lewis' decision in the Appellate Court. On July 31, 2001 Stamford filed a motion to dismiss the Murphys' appeal on the grounds that the Murphys had no statutory right of appeal unless a petition for certification for review was presented and granted by the Appellate Court and that no such petition had been filed.[3] On July 31, 2001 the Murphys filed a "notice pursuant to Practice Book . . . § 64-1" stating that the memorandum of decision dated July 11, 2001 "does not appear to have been filed in compliance with [Practice Book § 64-1]."
On August 3, 2001 the Appellate Court's clerk's office sent a letter to Judge Lewis enclosing the Murphys' notice filed on July 31 and requesting that a copy of his memorandum of decision be sent to the file. On August 9, 2001 the clerk's office was notified that the Memorandum of Decision was in the file and identified it.
On September 19, 2001 the Appellate Court dismissed the Murphys' appeal for lack of jurisdiction. A request for reconsideration by the Appellate Court en banc was denied as was the Murphys' subsequent petition for certification by the Connecticut Supreme Court (258 Conn. 948).
 DISCUSSION
The Murphys' contentions are that the decision by Judge Lewis was incorrect and that it failed to address numerous issues they had raised in support of overturning the ZBA actions. They contend that they did not file the required petition for certification for review in a timely fashion because they were waiting for Judge Lewis to amend or file a new memorandum of decision in response to their July 31, 2001 Notice pursuant to Practice Book § 64-1. They contend that their failure to obtain appellate review was the result of inadvertent error and not due to lack of diligence.
Stamford contends that the Murphys incorrectly filed an as-of-right appeal rather than the proper petition. Stamford argues that this was a negligent failure to follow established rules of practice and does not provide "reasonable cause" for a new trial. CT Page 1943
The "salutary purpose" of the remedy of a new trial pursuant to General Statutes § 52-270 is that:
 if a party has a meritorious defense [or claim] and has been deprived of reasonable opportunity to present it, he ought to be permitted to make it upon a new trial.
Bellonio v. Thomas Mortgage Co., 111 Conn. 103, 105 (1930). Section 52-270
sets forth several distinct bases for a new trial such as the discovery of new evidence and lack of notice. The Murphys concede that these bases do not apply and rely on the "other reasonable cause" basis for their petition.
 Although General Statutes 52-270 permits the court to grant a new trial upon proof of "reasonable cause," the circumstances in which reasonable cause may be found are limited . . . The basic test of `reasonable cause' is whether a litigant despite the exercise of due diligence, has been deprived of a fair opportunity to have a case heard on appeal . . . A new trial may be granted to prevent injustice in cases where the usual remedy by appeal does not lie or where, if there is an adequate remedy by appeal, the party has been prevented from pursuing it by fraud, mistake or accident.
Bleidner v. Searles, 19 Conn. App. 76, 78-79 (1989) (citations and internal quotation marks omitted). The exercise of due diligence on the part of the petitioner is necessary for a finding of reasonable cause.Hryniewicz v. Wilson, 51 Conn. App. 440 (1999).
The major thrust of the Murphys' argument is that they made an "apparent mistake" in thinking that Practice Book § 64-1 required Judge Lewis to file a new memorandum of decision before they "were required to finalize and submit their petition for certification." Murphys' Memorandum, 1-2. They reason that had Judge Lewis filed a revised memorandum, their time to file a petition would extend for twenty days thereafter based on Practice Book § 81-1.
There are several errors and misconceptions in this position. First, the Murphys' reliance on Practice Book § 64-1 is quite misplaced. At the outset, the "Notice" they filed simply said Judge Lewis had not filed his memorandum of decision in compliance with Practice Book § 64-1. However, the record is quite clear that a memorandum had been filed. The Murphys now translate their notice to convey that they believed the memorandum did not deal with nine claims of law they purportedly raised in their administrative appeal. They contend that the memorandum did not CT Page 1944 comply with the second sentence of Practice Book § 64-1(a) which requires a memorandum of decision to "encompass its conclusion as to each claim of law raised by the parties and the factual basis therefore." That of course was not spelled out in the notice, and neither the Appellate Court nor Judge Lewis construed it in that fashion. Their construction was correct. The Murphys' notice was filed pursuant to Practice Book § 64-1(b) which comes into effect if the trial judge fails to file a memorandum of decision. Judge Lewis did not fail to file such a memorandum, and thus, neither he nor the Appellate Court expected another memorandum to be filed. Therefore, the Murphys were waiting for something that was not going to happen. The Murphys have confused the roles of Practice Book § 64-1 and § 66-5 (motion for articulation).
Second, the Murphys contend that they believed their time to file a petition was extended by their notice in accordance with Practice Book § 81-1(a). This is also incorrect, since their notice was not a motion that, if granted, would render the trial court judgment ineffective.
Finally, and perhaps most importantly, the Murphys' contentions fly in the face of the uncontroverted fact that, prior to the filing of the Notice, they had already made the critical mistake, that of filing a direct appeal, and therefore their apparent confusion after July 31, 2001 had no relationship to, or effect on, their failure to file the proper document, a petition for certification for review.
The Murphys have the burden of proving by a preponderance of the evidence that they are entitled to a new trial on the grounds claimed.Bleidner v. Searles, supra, 19 Conn. App. 78. In Wetzel v. Thorne,202 Conn. 561 (1987), our Supreme Court stated that a new trial under the "reasonable cause" standard of § 52-570 depended on whether the petitioner "has been deprived of a fair opportunity to have a case heard on appeal." Id. 565 (italics in original).
 The statute does not furnish a substitute for, nor an alternative to, an ordinary appeal, but applies only when no other remedy is adequate and when in equity and good conscience relief against a judgment should be granted.
Black v. Universal C.I.T. Credit Corp. , 150 Conn. 188, 193 (1962) (internal quotation marks omitted).
The court has kept clearly in mind that the Murphys are pro se parties, acting without counsel. They have represented their interests articulately in oral argument and by the submission of detailed and CT Page 1945 prolix legal memoranda, affidavits and appendices.
 Although we allow pro se litigants some latitude, the right of self-representation provides no attendant license not to comply with relevant rules of procedural law.
Zanoni v. Hudon, 42 Conn. App. 70, 77 (1996).
In this case, the Murphys had the opportunity to seek to appeal Judge Lewis' decision. They failed to effectuate that right because of their error in failing to timely file the required petition for certification for review mandated by General Statutes § 8-8n and Practice Book § 81-1. There was, of course, no guarantee that their petition would have been granted, even if it had been filed in a timely fashion. Moreover, the Appellate Court has very recently held that an untimely appeal, even in a case where there was an absolute right to appeal, is not such a mistake as to constitute reasonable cause under § 52-570.Fitzpatrick v. Hall-Brooke Foundation, Inc., 72 Conn. App. 692 (2002).
Based on the foregoing discussion and a careful review of all the pertinent documents in the file and the underlying administrative appeal, this court finds no reason in equity or good conscience to support a new trial. Therefore, the plaintiffs' motion for summary judgment is denied; the defendants' summary judgment motion is granted, and the petition for new trial is dismissed.
TAGGART D. ADAMS
 SUPERIOR COURT JUDGE